Sandford L. Frey (SBN 117058)
Stuart I. Koenig (SBN 102764)
Marta C. Wade (SBN 259296)
**CREIM MACIAS KOENIG & FREY LLP**
633 West Fifth Street, 48th Floor
Los Angeles, CA 90071
Telephone: (213) 614-1944
Facsimile: (213) 614-1961
sfrey@cmkllp.com
skoenig@cmkllp.com
mwade@cmkllp.com

[Proposed] Reorganization Attorneys for
35 Arden, LLC, Debtor and
Debtor in Possession

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**[LOS ANGELES DIVISION]**

In re

**315 ARDEN, LLC,**

Debtor and Debtor in Possession.

CASE NO.: 2:15-bk-26483-BR

Chapter 11

**APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION PURSUANT TO BANKRUPTCY CODE §§ 327(a), 330, 331 AND 1107; FRBP 2014; AND LBR 2014-1; FOR ORDER AUTHORIZING: (1) EMPLOYMENT OF CREIM MACIAS KOENIG & FREY, LLP AS CHAPTER 11 COUNSEL; AND (2) AUTHORIZING DRAWDOWN OF PRE-PETITION RETAINER AND ABILITY TO APPLY ITS POST-PETITION FEES AND EXPENSES; DECLARATION OF SANDFORD L. FREY IN SUPPORT**

***[No Hearing Required]***

Pursuant to Bankruptcy Code §§ 327(a), 330, 331 and 1107; Federal Rule of Bankruptcy Procedure ("FRBP") 2014(a); and Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR") 2014-1(b), 315 Arden, LLC, debtor and debtor in possession ("Debtor"), in the above-captioned case, hereby applies to this Court for an order authorizing: (1) the employment of Creim Macias Koenig & Frey, LLP ("CMKF") as its Chapter

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

11 counsel effective as of the commencement of this Chapter 11 case; and (2) authorization to draw down on its Chapter 11 Retainer (as defined below) and ability to apply it to post-petition fees and expenses ("Application").

In support of this Application to employ CMKF, the Debtor relies on the accompanying Declaration of Sandford L. Frey ("Frey Decl."), and respectfully represents and alleges as follows:

## I.

## INTRODUCTION

### A. THE DEBTOR AND JURISDICTION.

On October 27, 2015 ("Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11. The Debtor is a limited liability company, the membership interest of which is held 80% by the Daniel & Judith Arnall Family Trust ("Trust"). The beneficiaries of the Trust consist of Judith Arnall, a widow of approximately thirty-nine years of age, with advanced Multiple Sclerosis (who is now permanently confined to a wheel chair), and her fourteen year old minor child. The balance of the equity interest is held by Ms. Tzepah Freedland (*aka* Tzepah Zarmi) ("Freedland"), the managing member of the Debtor. Prior to the filing of this Chapter 11 case, the Debtor was the victim of a fraudulent real estate scheme, in which a group of unscrupulous real estate professionals (including, the sellers and real estate agents) fraudulently induced the Debtor, through their misrepresentations and reprehensible conduct, into immensely overpaying for commercial property, located at 7101 W. Lincoln Avenue, Buena Park, CA ("Property"), to the detriment of the Debtor, its creditors, as well as to the detriment of the infirm widow, her minor child and Ms. Freedland. An official committee of creditors holding unsecured claims has not yet been formed. The Court has core jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A).

### B. BACKGROUND.

In February of 2015, the Debtor was induced to purchase commercial property, located at 7101 W. Lincoln Avenue, Buena Park, CA ("Property") from W Linc BP LLC, ("W Linc"), which is a single purpose limited liability company believed to be owned by Red Mountain Group, Inc.

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

("RMG"), and/or Red Mountain Retail Group, Inc. ("RMRG" and together with W. Linc and RMG, the "Sellers" or "Seller Entities"). On the basis of numerous misrepresentations made respecting the Property, its value and the viability of its tenants, and the net worth of the personal guarantor purportedly providing security for the tenants' obligations, among other things, the Debtor was induced to purchase the Property for $6,200,000, of which approximately $4,800,000 was paid in **cash**, with the balance of the purchase price of approximately $1,500,000 being carried back by one of the Seller Entities in the form of a promissory note, secured by a deed of trust against the Property ("Disputed Secured Claim").

After close of escrow for the Property, the Debtor discovered that it had been misled into massively overpaying for the Property, as the Property was actually worth approximately three million less than the $6.5 million purchase price[1], to say nothing of the $7 plus million value represented to the Debtor. As a result, the Debtor initiated an action in the Superior Court of the State of California for the County of Orange, by filing on August 21, 2015, a *Complaint for (1) Breach of Contract (Lease); (2) Breach of Contract (Guaranty); (3) Fraud and Intentional; Misrepresentation (against Agents and Does); (4) Fraud and Intentional; Misrepresentation (against Sellers and Does); (5) Intentional Concealment; (6) Negligent Concealment; (7) Negligent Misrepresentation; (8) Breach of Fiduciary Duty; (9) Negligence; (10) Constructive Fraud; and (11) Rescission*, ("State Court Complaint"), entitled *315 Arden LLC, a California Limited Liability Company, Plaintiff, vs. Red Mountain Group, Inc., a California Corporation; Red Mountain Retail Group, Inc., a California Corporation; W Linc BP, LLC, a California Limited Liability Company; Luviland Corporation, a California Corporation; Luviland LLC, a California Limited Liability Company, John Huy Nguyen, an individual, Eric Wohl, an individual; Hanley Investment Group, Inc., a California Corporation, and, Does 1 through 40, inclusive*, Case No. 3D-2015-00805904-CU-FR-CJC ("State Court Action")[2].

---

[1] Needless to say, the lower valuation still results in an approximately 200% equity cushion.

[2] Concurrent with the filing of this Application, the Debtor is filing an application to employ Special State Court Litigation Counsel to continue the representation of the Debtor in the State Court.

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

The Debtor has recently filed a motion for order authorizing and approving final post-petition financing by the Debtor's majority equity holder, the Trust ("DIP Motion"). [Docket No. 14]. Both the DIP Motion and the State Court Complaint set forth the background and the nature of the claims being asserted by the Debtor and this Estate in the State Court Action.

For purposes of this Application, and in summary of the claims raised in the State Court Complaint, the material representations made to the Debtor concerning the tenants and their financial condition were fabricated. Instead of the Property being leased by strong viable tenants as represented to the Debtor, the Debtor discovered subsequent to closing that the representations were completely false. Prior to closing, it was represented to the Debtor that one tenant was a purportedly successful "trading" business, being run by a "high net worth" doctor, which leasehold allegedly generated sufficient income to satisfy the tenant's rental obligations. Instead, the Debtor discovered after closing that the actual tenant was a completely uncreditworthy operator, which was operating an illegal business from the Property. Furthermore, within only a few weeks after the close of escrow, the tenant promptly breached the lease and abandoned the leased premises, leaving the Debtor without any rental income whatsoever. In addition, the Seller Entities were aware, but failed to disclose, that this allegedly viable tenant was likely to, and ultimately did, abscond with funds provided to the tenant, which were intended to be used exclusively for improvements to the Property.

Importantly, the tenant's defaults were completely predictable to the Seller Entities as, unbeknownst to the Debtor, the Seller Entities were aware that the real operator was an uncreditworthy judgment debtor engaged in running an illegal business; had been denied a business license for that reason; and, was likely to default. Moreover, the Debtor discovered only after the tenant's abandonment of the Property that the Seller Entities know, but failed to disclose that: (1) the thrift store business in operation at the time of escrow, violated city zoning ordinances, and had been denied a business license before the Property was even offered for sale (and thus had no business license as of the time of sale); (2) the doctor and lease guarantor who was supposedly

using part of the Property in conjunction with another business was not the operator of *any* business at the Property, and his "trading" businesses was pure fiction; (3) the thrift store that did exist at the Property was actually being operated illegally by a person who had received a "leasing commission" from one of the Seller Entities -- but whose involvement was never disclosed to the Debtor prior to the close of escrow even though it was known to the Seller Entities; (4) the same doctor and lease guarantor that was touted as a "high net worth" individual providing security for the lease obligations is financially incapable of paying the damages caused by tenant's breach of the lease, and had an unpaid and undisclosed federal tax lien against him and is appearing in the civil action in *pro per*; and (5) the tenant improvements that were supposed to have been completed at the close of escrow have never been made.

Apparently, not satisfied with having successfully defrauded the Debtor out of "only" approximately $3 million in cash by virtue of their misrepresentations, the Seller Entities now have the temerity to also pursue a non-judicial foreclosure of the remaining value, pursuant to the fraudulently obtained deed of trust, thereby completing their defilement of the Debtor, its creditors, a sick widow, her minor child and Ms. Freedland.

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

## C. EVENTS LEADING UP TO CHAPTER 11 CASE.

Shortly after the close of escrow, the Debtor discovered that the Sellers, and their agents (including the Debtor's own real estate agents), had perpetrated a fraud on the Debtor. Knowing that the Debtor had an extremely limited timeframe within in which to conduct due diligence on the Tenant, use, and current state of the Property, as the Debtor had recently sold real property and needed to purchase another piece of real property to avoid substantial capital gains, the Debtor's agents, and the Sellers, took advantage of the short timeframe, and the knowledge that the Debtor would rely on their experience and representations, to convince the Debtor to purchase the Property. Based upon these representations, among others, the Debtor concluded that the Property was the least risky among its options, and purchased the Property on February 24, 2015.

It was not until after the close of escrow that the Debtor learned the Property was extremely unsuited for its investment objectives, and had been falsely advertised in numerous

respects. Based upon the alleged fraudulent acts and omissions by the Seller (and others), the Debtor stopped making payments on the Note, and attempted to sell the Property, only to discover that commercial property that requires much needed improvements and has no viable tenant is extremely difficult to sell.

As a result of the Debtor's failure to pay the interest payments on the Note, on or about August 18, 2015, the Seller served a Notice of Default ("NOD") threatening to commence foreclosure proceedings, if the Debtor failed to pay the balance due on the Note in the amount of $1,568,569.27. In response, the Debtor filed the State Court Complaint. At the present time, discovery is on-going and depositions have been scheduled by the parties. In order to protect the assets of the Estate, the Debtor believed that it was in the best interest of creditors to file for Chapter 11 protection.

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

## II.

## RELIEF REQUESTED

As a debtor in a Chapter 11 bankruptcy, the Debtor requires the services of bankruptcy counsel. In that regard, the Debtor seeks to employ CMKF as its Chapter 11 counsel, at the expense of its bankruptcy estate, and to have the employment of CMKF be deemed effective as of the Petition Date. The Debtor requires Chapter 11 counsel, and seeks to employ CMKF as its Chapter 11 counsel to render, among others, the following types of professional services:

a. Advise the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, FRBP, LBR and the Office of the United States Trustee as they pertain to the Debtor;

b. Advise the Debtor with regard to certain rights and remedies of its bankruptcy estate and the rights, claims and interests of creditors;

c. Assist the Debtor with the negotiation, documentation and any necessary Court approval of transactions disposing of property of the estate;

d. Represent the Debtor in any proceeding or hearing in the Bankruptcy Court involving the estate unless the Debtor is represented in such proceeding or

hearing by other special counsel;

e. Conduct examinations of witnesses, claimants or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of CMKF's expertise or which is beyond CMKF's staffing capabilities;

f. Prepare and assist the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, financing pleadings and pleadings with respect to the Debtor's use, sale or lease of property outside the ordinary course of business;

g. Assist the Debtor in the negotiation, formulation, preparation and confirmation of a plan of reorganization/liquidation and the preparation and approval of a disclosure statement in respect of the plan; and

h. Perform any other services which may be appropriate in CMKF's representation of the Debtor during the Debtor's bankruptcy case.

CMKF is comprised of attorneys who routinely practice in matters of insolvency, reorganization and bankruptcy law and is well qualified to represent the Debtor. All attorneys comprising or associated with CMKF are admitted to practice law in the California courts and in the United States District Court for the Central District of California. Attached hereto as **Exhibit "1"** is a copy of CMKF's firm resume. Attached hereto as **Exhibit "2"** is a listing of the current hourly billing rates for each of CMKF's attorneys. The Debtor expects Sandford L. Frey, Stuart I. Koenig, Marta Wade and Kim Gundlach of CMKF to be the primary attorneys working on this case in the rendering of legal services on behalf of the Debtor.

CMKF's practice is limited to matters of bankruptcy, insolvency and reorganization law, as well as business litigation. For that reason, the services provided by CMKF do not include the rendering of substantive legal advice outside of these areas such as corporate, tax, securities, tort, environmental, labor, criminal or real estate law. CMKF will not be required to represent or advise

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

the Debtor in matters which CMKF believes are beyond CMKF's practice areas of law just described. In addition, CMKF will not be required to represent the Debtor in matters where CMKF determines that it lacks the ability to staff the matter adequately, such as in certain, major complex litigation.

A true and correct copy of the current retention agreement between CMKF and the Debtor is attached to the Frey Decl. as **Exhibit "3"**. CMKF will not undertake responsibility for those aspects of matters that are not within the scope of its representation as set forth in that agreement without further order of this Court. The Debtor may request that CMKF undertake specific matters beyond the limited scope of the responsibilities set forth in the retention agreement. Should CMKF agree in its discretion to undertake any such specific matters, the Debtor will seek further order of this Court.

## III.

## COMPENSATION

In connection with its services, CMKF agreed to accept a retainer from the Debtor in the amount of $25,000.00 ("Retainer"). CMKF accepted employment on such terms, subject to approval of the Court. Accordingly, CMKF received $25,000 in connection with the filing of the case ("Pre-Petition Retainer"). CMKF is informed and believes that the source of the Pre-Petition Retainer was from the Debtor's account. CMKF promptly deposited the Pre-Petition Retainer into its attorney client trust account maintained at CMKF's banking institution in the usual, customary and ordinary course of its business.

CMKF provided legal services to the Debtor for the immediate billing period prior to the filing of the Chapter 11 petition in the amount of $9,180.50, which CMKF drew down from the Pre-Petition Retainer in the ordinary course of business on ordinary and usual business terms. From the Pre-Petition Retainer, the amount of $1,717.00 was also used for the filing fees for this case. As of the Petition Date, the balance on the Pre-Petition Retainer is $14,101. 30 ("Chapter 11 Retainer").

By this Application, the Debtor seeks authorization and approval of the Court for CMKF

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

to apply the Pre-Petition Retainer in the manner described above. In addition, CMKF proposes to draw its fees and expenses from the Chapter 11 Retainer on a monthly basis and apply it to post-petition fees and expenses incurred by CMKF, subject to later review by the Court and US Trustee.

CMKF has agreed to accept as compensation for its services the Retainer and hourly compensation in such additional sums as may be allowed by this Court in accordance with Bankruptcy Code §330 and applicable law. CMKF negotiated the amount of the Retainer based upon a number of factors including, but not limited to, the size and complexity of this case, current market factors, the time that CMKF expects to put forth in this case taking into consideration the pre-petition work already performed, the contemplated assistance of special counsel, the amount of funds available to use to pay a retainer, and the risk to CMKF if the case proves unsuccessful. A list of the guideline hourly rates for those members of CMKF expected to render services to the Debtor is attached as **Exhibit "2"**. No additional compensation will be paid by the Debtor to CMKF except as approved by the Bankruptcy Court.

CMKF understands the provisions of Bankruptcy Code §§ 327, 330 and 331 which require, among other things, Court approval of the Debtor's employment of CMKF as bankruptcy counsel and of all legal fees and reimbursement of expenses that CMKF will receive from the Debtor and its estate.

After exhausting the Chapter 11 Retainer, CMKF will file one or more fee applications seeking Court authority to receive compensation and reimbursement of expenses from the Debtor consistent with any orders of the Bankruptcy Court and applicable procedures established by the Office of the United States Trustee. To the extent any fees or expenses paid to CMKF are disallowed by this Court, CMKF understands that such disallowed amounts may be ordered disgorged by CMKF and returned to the Debtor.

## IV.

## NO ADVERSE INTERESTS / DISINTERESTEDNESS

As set forth in the attached declaration, CMKF does not hold or represent any interest

adverse to the Debtor or its estate, and CMKF is a "disinterested person" as that term is defined in Bankruptcy Code §101(14). Also, to the best of CMKF's knowledge, CMKF has no prior connection with the Debtor, any creditors of the Debtor, or any other party in interest in this case, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

References to CMKF include all attorneys who are expected to render services in this case. CMKF is not and was not a creditor, an equity security holder, or an insider of the Debtor, except that CMKF has previously rendered legal services to the Debtor prior to the filing of this case in connection with the filing of this case, for which it has been compensated as disclosed above. CMKF is not and was not, within two years before the Petition Date, a director, officer, member or employee of the Debtor. Pursuant to the disclosures contained in the attached declaration, CMKF has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, either by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason.

## V.

## CONCLUSION

The Debtor respectfully requests that the Court approve and authorize: (a) employment of CMKF as its Chapter 11 bankruptcy counsel upon the terms and conditions set forth above; and (b) the draw down on the Chapter 11 Retainer and the ability to apply such Chapter 11 Retainer to CMKF's post-petition fees and expenses. The Debtor believes that its employment of CMKF upon the terms and conditions set forth above is in the best interests of its estate.

Dated: November 20, 2015

315 ARDEN, LLC

By: Tzepah Freedland
Its: Managing Member

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

Presented By:
CREIM MACIAS KOENIG & FREY, LLP

By:/s/ Sandford L. Frey
SANDFORD L. FREY
[Proposed] Chapter 11 Attorneys for
315 Arden, LLC, Debtor and Debtor in Possession

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

**DECLARATION OF SANDFORD L. FREY**

I, Sandford L. Frey, hereby declare as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I am a partner of the law firm of CMKF.[3] I am an attorney licensed to practice law in the State of California and in the Bankruptcy Courts for the Central District of California.

3. CMKF is comprised of attorneys who routinely practice in matters of insolvency, reorganization and bankruptcy law. To the best of my knowledge and belief, all attorneys comprising or associated with CMKF are admitted to practice law in the California courts and in the United States District Court for the Central District of California. A copy of CMKF's resume is attached hereto as **Exhibit "1"**. A copy of a listing of the current hourly billing rates for each of CMKF's attorneys working on this matter is attached hereto as **Exhibit "2"**. A copy of the retention agreement between CMKF and the Debtor is attached as **Exhibit "3"**.

4. The Debtor requires Chapter 11 counsel, and seeks to employ CMKF as its Chapter 11 counsel to render, among others, the following types of professional services:

a. advise the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, FRBP, LBR and the Office of the United States Trustee as they pertain to the Debtor;

b. advise the Debtor with regard to certain rights and remedies of its bankruptcy estate and the rights, claims and interests of creditors;

c. assist the Debtor with the negotiation, documentation and any necessary Court approval of transactions disposing of property of the estate;

d. represent the Debtor in any proceeding or hearing in the Bankruptcy Court involving the estate unless the Debtor is represented in such proceeding or hearing by other special counsel;

---

[3] Capitalized terms in this declaration shall have the meaning ascribed to them in the Application.

e. conduct examinations of witnesses, claimants or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of CMKF's expertise or which is beyond CMKF's staffing capabilities;

f. prepare and assist the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, financing pleadings and pleadings with respect to the Debtor's use, sale or lease of property outside the ordinary course of business;

g. assist the Debtor in the negotiation, formulation, preparation and confirmation of a Plan and the preparation and approval of a disclosure statement in respect of the Plan; and

h. performing any other services which may be appropriate in CMKF's representation of the Debtor during the Debtor's bankruptcy case.

5. Because CMKF's practice is limited to matters of bankruptcy, insolvency and reorganization law, and business litigation, the services provided by CMKF do not include the rendition of substantive legal advice outside of these areas such as corporate, tax, securities, tort, environmental, labor, criminal or real estate law. CMKF will not undertake to represent or advise the Debtor in matters which CMKF believes are beyond CMKF's expertise such as the areas of law just described. In addition, CMKF will not be required to represent the Debtor in matters where CMKF determines that it lacks the ability to staff the matter adequately, such as in certain, major complex litigation.

6. In connection with its pre-petition services, CMKF agreed to accept the Retainer in the amount of $25,000.00. CMKF received the Pre-Petition Retainer in the amount of $25,000 in connection with the filing of the case. I am informed and believe that the Pre-Petition Retainer was drawn on the Debtor's Pre-Petition bank account. To the best of my knowledge and belief, upon receipt of the funds, CMKF deposited the Pre-Petition Retainer into its attorney client trust

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

account maintained at CMKF's banking institution in the usual, customary and ordinary course of its business.

7. CMKF's billing department verified that CMKF provided legal services to the Debtor for the immediate billing period prior to the filing of the Chapter 11 petition in the amount of $9,180.00, which I am informed and believe CMKF drew down from the Pre-Petition Retainer in the ordinary course of business on ordinary and usual business terms. I am also informed and believe that the amount of $1,717.00 was also used for the filing fees for this case, the source of which was the Pre-Petition Retainer. As of the Petition Date, after deducting the forgoing amounts, the balance on the Chapter 11 Retainer is $14,101.30.

8. CMKF has agreed to accept as compensation for its services the Chapter 11 Retainer and hourly compensation in such additional sums as may be allowed by this Court in accordance with law. CMKF negotiated the amount of the Chapter 11 Retainer based upon a number of factors including, but not limited to, the size and complexity of this case, current market factors, the time that CMKF expects to put forth in this case taking into consideration the pre-petition work already performed, the participation and assistance of special counsel, the amount of funds available to use to pay a retainer, and the risk to CMKF if the case proves unsuccessful.

9. I am informed and believe that CMKF has not shared or agreed to share its compensation for representing the Debtor with any other person or entity, except among its members.

10. Pursuant to the Application, CMKF proposes to draw its post-petition fees and expenses from the Chapter 11 Retainer on a monthly basis.

11. After exhausting the Chapter 11 Retainer, CMKF intends to file one or more fee applications seeking Court authority to receive compensation and reimbursement of expenses from the Debtor consistent with any orders of the Bankruptcy Court and applicable procedures established by the Office of the United States Trustee. To the extent any fees or expenses paid to CMKF are disallowed by this Court, CMKF understands that such disallowed amounts may be ordered disgorged by CMKF and returned to the Debtor.

12. CMKF utilizes a number of procedures to determine its relationships, if any, to parties that may have connections to a case. Specifically, CMKF searches its databases in order to discover relationships. CMKF also inquires of attorneys with the firm whether any relationships exist that may escape scrutiny.

13. To the best of my knowledge and belief, and based on the results of its review, CMKF does not hold or represent any interest adverse to the Debtor or its estate, and CMKF is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14). Also, to the best of my knowledge, and based on the foregoing review, CMKF has no prior connection with the Debtor, any creditors of the Debtor, or any other party in interest in this case, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee other than the limited legal work that CMKF provided to the Debtor prior to the Debtor's bankruptcy filing as described above.

14. Pursuant to LBR 2014-1, I instructed my legal assistant to serve the "Notice of Submission of Application of Debtor and Debtor in Possession to Employ Creim Macias Koenig & Frey LLP as Bankruptcy Counsel" on the Debtor and all those requesting special notice. A copy of the Notice is attached hereto as **Exhibit "4".**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on November 25, 2015 in Los Angeles, California.

/s/ Sandford L. Frey
SANDFORD L. FREY

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

**EXHIBIT "1"**

# CMKF

Creim Macias Koenig & Frey LLP

633 West 5th Street, 51st Floor
Los Angeles, CA 90071
(213) 614-1944
www.cmkllp.com

CMKF

Creim Macias Koenig & Frey LLP

# OVERVIEW

The attorneys at Creim Macias Koenig & Frey LLP have substantial expertise in the areas of commercial law, litigation, e-commerce, trademark, creditors' rights and bankruptcy. Our attorneys have represented financial institutions, manufacturers, distributors, creditors' committees, receivers and trustees in commercial loan documentation, secured transactions, UCC law, workouts, business law, business acquisitions and sales, export transactions, state and federal court litigation, bankruptcy, and antitrust matters.

We assist clients with a variety of services, including:

- Representation of corporate and individual debtors
- debt recovery and workouts;
- general business litigation.
- preparation of security documents and guaranties;
- UCC filings and searches;
- claims in bankruptcy, preference analysis and defense;
- reclamation claims;
- bulk sale analysis and claims;
- antitrust compliance;
- dealer disputes and terminations;
- attachment, replevin and other prejudgment remedies;
- foreclosures on real and personal property;
- letters of credit;
- credit insurance;
- intercreditor agreements, factoring, loan negotiation and documentation; and

We offer personalized service from experienced attorneys at very competitive rates.

CMKF

Creim Macias Koenig & Frey LLP

# WILLIAM B. CREIM

William B. Creim practices in the areas of commercial law, secured transactions, UCC law, creditor-debtor workouts, bankruptcy, and antitrust. He advises clients on credit and business risk issues. Bill has thirty years of experience representing trade suppliers, financial institutions, distributors and manufacturers throughout the country and has presented over 350 speeches and seminars to businesses, credit groups, financial institutions, and other attorneys on credit and business issues, risk analysis, secured transactions, bankruptcy, workouts, and antitrust. He was named one of the "50 Most Influential People in Credit" by Credit Today.

B.A. *Summa cum laude*, University of California at Los Angeles, 1976
Phi Beta Kappa
Highest Departmental Honors
National Merit Scholar Finalist and Four-Year Scholarship Recipient

J.D. University of Southern California, 1979
*Southern California Law Review*, Note Editor and Member, Editorial Board
Order of the Coif
American Jurisprudence Award in Constitutional Law

Admitted to Bar – California

E-mail: wcreim@cmkllp.com




# STUART I. KOENIG

Stuart ("Skip") Koenig practices in the areas of bankruptcy, commerciol litigation, creditor-debtor workouts, and reol estate litigotion. Skip represents individual trode suppliers, financial institutions, chopter 11 creditors' committees and chapter 7 trustees throughout the country in both bankruptcy and out of court workauts. Skip has extensive experience in the prosecution and defense of preference and fraudulent transfer actions, bonkruptcy reorganization, assignments for the benefit of creditors, bankruptcy liquidations, bankruptcy appeals and general bankruptcy litigation.

Skip is a member of the Financial Lawyers Conference and the Los Angeles Bankruptcy Forum. He is actively involved as Pro Bono Counsel through Bet Tzedek Public Counsel and is President of the Board of Directors of Heart of Los Angeles Youth, a non-profit organization providing after school programs far at risk youth in the inner city of Los Angeles.

B.A. University of California at Los Angeles, 1978
J.D. Loyola University Law School, 1981

Admitted ta Bar – California

E-mail: skoenig@cmkllp.com

CMKF

Creim Macias Koenig & Frey LLP

# RICHARD C. MACIAS

Richard C. Macias practices in the areas of commercial and business litigation. He has over twenty-five years of experience representing financial institutions, manufacturers and trade suppliers in litigation involving contract enforcement actions, debt recovery, bankruptcy, business transactions, bad faith claims, antitrust, dealer terminations, appeals and e-commerce and technology issues.

Prior to entering private practice, Richard served for three years in the office of the Los Angeles City Attorney, where he was a prosecutor in the Criminal Division and later was appointed as Special Counsel to the City Attorney. He also wos an Assistant Professor of Law at Loyola Law School in Los Angeles, where he taught courses in litigation procedure, trial practice skills, negotiation, legal writing and legal ethics. Richard was a founding member of the Executive Committee of the Intellectuol Property, Internet and New Technology Section of the Beverly Hills Bar Association.

NOTABLE ENGAGEMENTS

- ***In re Lazar***, 1993 Bankr. Lexis (US BK CD CA 1993) (granting protective order for documents sought by grand jury subpoena).
- ***Beckman v. Thompson***, 4 Col.App.4th 481, 6 Cal.Rprt.2d 60 (1992) (affirming Superior Court dismissal of a suit against an out-of-state client for lack of personal jurisdiction in California).
- ***California First Bank v. Braden***, 216 Cal.App.3d 672, 264 Cal.Rptr. 820 (1989) (case of first impression construing the scope of a waiver of statute of limitations in a guaranty ogreement under California Code of Civil Procedure section 360.5 and offirming a jury verdict in favor of client bonk).

B.A. Pomona College, 1972

J.D. Harvard Law School, 1975

Member, *Harvard Civil Rights – Civil Liberties Law Review*

Admitted to Bar – California and Colorado

Member: California Minority Counsel Program

Email: rmacias@cmkllp.com



Creim Macias Koenig & Frey LLP

# SANDFORD L. FREY

Sandy Frey practices in the area of bankruptcy and insolvency. His practice also includes a wide range of experience with lending and transactional matters.

His recent representations have included Ocean Trails Golf Course as counsel for Debtor and Debtor in Possession and the Hare Krishnas in numerous temple reorganizations around the country. He has also served as counsel for the Debtor in numerous retail chapter 11 cases, including: reorganization for the Boston Stores, a twenty-one store mini-department store chain; B.U.M. International, Inc., a 41-store chain retailer ond licensor of dynomic trade names, such as "B.U.M." and "B.U.M. Equipment"; Del Piso Brick and Tile, a large tile and brick retailer; the Olympic Collection, a retail mall ond banquet facility; and, o number of upper-and middle-market cellular telephone retailers, including Celluland. Sandy has significant experience in the hospitolity industry, having successfully reorganized the Ramado Maingote, a 465-room hotel located directly across the street from the main entrance of Disneyland. He alsa represented the L'Ermitage Hotel and Le Parc Hotel as attorney for the debtors. In the area of real estate insolvencies, his experience includes successfully reorganization of Malibu Canyon Continental Communities, owner of a 250-acre shopping mall development and several smaller malls in the Los Angeles area. Mr. Frey has also represented clients in the entertainment industry, such as Paramount Studios in the Marvel Entertoinment Group bankruptcies. He has also served as debtors' counsel for entertainment venues such as the Los Angeles Stock Exchange, Fantasia Entertainment ond 1051 Club.

Sandy served as Judicial Clerk to the Hon. James R. Dooley, 1982-1984, U.S. Bonkruptcy Court, Central District of Colifornia. He was a member of the Bankruptcy Local Rules Committee, Central District of California, 1988. He is currently a member of the Los Angeles Conference County Bar Association; State Bar of Californio; Financial Lawyers Conference, Bankruptcy Forum; Los Angeles Venture Association.

He Co-Authored: "Trust Me or Trustee? The Requirements for Appointment of a Trustee or Examiner Under 11 U.S.C. §1104," 17," Cal. Bankr. J. 34, 1989. He also authored: "Acquisitions thraugh Chapter 11, The Good 11, The Good, The bad and The Ugly", Los Angeles County Bar.

B.A. California State University at Northridge, 1979

J.D. University of West Los Angeles School of Law, 1982. Recipient, Award for Outstanding Legal Journalism, 1982; Associate Editor, Law Review, 1982-1983

Admitted to Bar- All State and federal courts in California

Email: sfrey@cmkllp.com

CMKF

Creim Macias Koenig & Frey LLP

# MARTA C. WADE

Marta Wade is an attorney with the law firm of Creim Macias Koenig & Frey LLP. Ms. Wade earned her J.D. in 2005 from the University of West Los Angeles School of Law. Her law school activities include: Law Review; the U.W.L.A. Legal-Aid Program; Appellate Advocacy and Moot Court; and the California Appellate Competition Program [one of five students selected to participate in a state-wide competition].

Ms. Wade now practices in the areas of bankruptcy reorganization and bankruptcy litigation, and is a member of the Los Angele County Bar Association and the American Bar Association.

Admitted to Bar- All State and federal courts in California

Email: mwade@cmkllp.com

CMKF

Creim Macias Koenig & Frey LLP

# KIM R. GUNDLACH

Kim Gundlach is an attorney with the law firm of Creim Macias Koenig & Frey LLP. Ms. Gundlach earned her J.D. in 1987 and graduated with honors and in the top 5% from Loyola Law School, Los Angeles. While at Loyola Law School, she was a member and a Note and Comment Editor of Loyola of Los Angeles Law Review from 1985-1987. Ms. Gundlach is also a member of Alpha Sigma Nu, an honorary society. Ms. Gundlach completed her undergraduate degree from Pennsylvania State University with B.A. in English.

Since 2005, Ms. Gundlach has been an adjunct paralegal instructor at College of the Canyons, Santa Clarita Community College District.

Ms. Gundlach practices commercial litigation and bankruptcy reorganization.

Admitted to Bar- All State and federal courts in California

Email: kgundlach@cmkllp.com



Creim Macias Koenig & Frey LLP

# CLIENTS

Aryana/Olive Grove Land Development, LLC

Atlas Copco Compressors, Inc.

Baker & Taylor, Inc.

Bank of America

Biotronic, Inc.

Blue Cross of California

BMG Music

Bralco Metals

Brentwood Pictures, Inc.

California TD Investments, LLC (in the Quality Home Loan Case)

California Connection, Inc. (representation or Trustee)

California Radiology Management/ Moosa Heikali, M.D.

Case Logic, Inc.

Cerwin-Vega, Inc.

Clifford Electronics (representation of Creditors' Committee)

M.S. Distributors, Inc.

Multiquip, Inc.

New Balance Athletic Shoe, Inc.

New Millennium Entertainment (representation of Creditors' Committee)

Nitto Tire USA, Inc.

Nordica USA Corp.

Ocean Trails LP (representation of Creditors' Committee)

Olympic Collection

Pacific Model (representation of Creditors' Committee)

Pacific West Coast Development, LLC

Paradise Investments, Inc.

Phillips & King International (representation of Creditors' Committee)

Precision Copy

Primax Wheel Corporation

Rane Corporation

Closet Factory Franchise Corp.

Closet Factory, Inc.

Continental Communities

D & H Distribution Company

EMI Music Distribution

Federal Department Stores

General Petroleum

Giant Bicycle

Giant (China) Co. Ltd.

Flamingo Investments

Hannibal Industries

Itochu International, Inc.

Kawai America Corporation

Lexicon (representation of Creditors' Committee)

McKesson Corporation

Micro Technology Concepts

Mitsubishi Electronic and Electronics USA, Inc.

Recorded Music Credit Association

Riemer Reporting Services

Reliance Steel Company

San Jacinto Z, LLC

Securitas

Sonny BMG Music Entertainment

Toyo Tire (U.S.A.) Corporation

UCC Direct Services

United Stationers Supply Company

Universal Music & Video Distribution

Universal Studios Home Entertainment

Valley Circle Estates Realty

Warner/Elektra/Atlantic Corporation

Wetherill Associates, Inc.

Wintec Industries

Yamaha Corporation of America

**EXHIBIT "2"**

# CMKF

Creim Macias Koenig & Frey LLP

## LEGAL AND PARALEGAL SERVICES - 2015

*Partners and Of Counsel*

| | |
|---|---|
| Sandford L. Frey | $595 |
| Stuart I. Koenig | $595 |
| Richard C. Macias | $595 |
| William B. Creim | $595 |

*Associates, Law Clerks and Paralegals*

| | |
|---|---|
| Kim R. Gundlach | $350 |
| Marta C. Wade | $350 |
| Kelli Nielsen | $175 |

**EXHIBIT "3"**

LAW OFFICES OF
CREIM MACIAS KOENIG & FREY, LLP
633 WEST FIFTH STREET, 48TH FLOOR, LOS ANGELES, CA 90071- TEL (213)614-1944 FAX (213)614-1961

October 14, 2015

Attn: Tzepah Zarmi
315 Arden LLC
344 S. Almont Drive
Beverly Hills, CA 90211-3548

**Re: 315 Arden LLC**

Dear Tara:

On behalf of Creim Macias Koenig & Frey LLP ("Attorney" or "Firm"), allow me to express my appreciation for the confidence you have in selecting us to serve as counsel on behalf of 315 Arden LLC ("Client"). It is our practice, and to our mutual benefit, to have a written understanding setting forth the basis of the services that we are expected to provide to Client and the basis for the payment of our fees so that there is no misunderstanding of the nature and scope of our employment and method of compensation. In addition, this is intended to insure that Client has sufficient information to make an informed decision as to whether to consent to the terms and conditions set forth below.

This legal services agreement ("Agreement") is entered into by and between Attorney and Client.

The purpose of this letter is, in part, to comply with California Business & Professions Code § 6148(a) as well as other applicable laws, which require agreements between counsel and their clients for matters in which the billings are estimated to exceed $1,000.00 to be in writing and to specify: (1) the hourly rates and other standard rates, fees and charges applicable to the representation; (2) the general nature of the legal services to be provided; and (3) the respective responsibilities of the client and counsel.

A. CONDITIONS

This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Agreement.

B. SCOPE OF SERVICES

Client hires Attorney to provide legal services in connection with the filing of a Chapter 11 case for Client. Client understand and acknowledges that Attorney is being retained solely and exclusively to represent the interest of Client in Chapter 11 in its capacity as a Debtor and Debtor in Possession. Client understand and acknowledges that Attorney is not being retained to

represent and any individual member or manager of the Client, and that Attorney assumes no duty to advise, represent or protect the interest of any individual member or manager. The services for which Attorney is retained on behalf of Client, include the following service: (1) advise Client in the filing of a Chapter 11 petition; (2) advise Client with regard to the requirements of Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the rules promulgated by the Office of the United States Trustee as they pertain to Client; (3) advise Client with regard to certain rights and remedies of its bankruptcy estate and the rights, claims and interests of creditors; (4) advise and represent Client with regard to administration of estate, duties of a Debtor in Possession; motions and other contested matters and formulation and confirmation of a Plan of Reorganization; (5) assist Client with the negotiation, documentation and any necessary Court approval of transactions disposing of property of the estate; (6) represent Client in any proceeding or hearing in the Bankruptcy Court involving the estate, unless Client is represented in such proceeding or hearing by other special counsel; (7) Conduct examinations of witnesses, claimants or adverse parties and representing Client in any adversary proceeding, except to the extent that any such adversary proceeding is in an area outside of the Firm's expertise or which is beyond the Firm's staffing capabilities; (8) Prepare and assist Client in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, financing pleadings and pleadings with respect to Client's use, sale or lease of property outside the ordinary course of business; (9) assist Client in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of the plan; (10) advise Client with respect to the assumption of any unexpired leases or executory contracts; (11) perform any other services which may be appropriate in the Firm's representation of Client during Client's bankruptcy case; and, (12) represent Client in such other matters as agreed by Client and Attorney in connection therewith.

This Agreement does not cover representation in any appeal, any post-Plan Confirmation proceedings, and subsequently converted chapter 7 case, or with respect to any litigation pending outside the bankruptcy court. Separate arrangements must be agreed to for those services. Services in any matter not described above will require a separate Agreement.

Attorney's practice is limited to matters of bankruptcy, insolvency and reorganization law, as well as business litigation. For that reason, the services provided by Attorney do not include the rendering of substantive legal advice outside of these areas such as corporate, tax, securities, tort, environmental, labor, criminal or real estate law. Attorney will not be required to represent or advise Client in matters which Attorney believes are beyond Attorney's practice experience such as the areas of law just described. In addition, Attorney will not be required to represent Client in matters where Attorney determines that it lacks the ability to staff the matter adequately, such as in certain, major complex litigation.

Attorney will take reasonable steps to keep Client informed of progress and to respond to Client's inquiries.

C. RESPONSIBILITIES OF THE PARTIES

Attorney will provide those legal services reasonably required to represent Client in connection with the claims described in Paragraph B and will take reasonable steps to keep Client informed of progress and developments, and to respond promptly to inquiries and communications. Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any information and developments which may come to Client's attention, to abide by this Agreement, to pay Attorney's bills for costs on time, and to keep Attorney advised of Client's address, telephone number and whereabouts. Client agrees to appear at all legal proceedings when Attorney deems it necessary, and to generally cooperate fully with Attorney in all matters related to the preparation and presentation of Client's claims.

D. DEPOSIT/LEGAL FEES AND BILLING PRACTICES

Client agrees to pay by the hour at Attorney's prevailing rates for all time spent on Client's matter by Attorney's legal personnel. Hourly rates for legal personnel reflect the reasonable value of the services rendered, taking into consideration the complexity and urgency of the matter, the expertise required and the time involved, all translated into hourly units. Current hourly rates for legal personnel are $595 per hour for Mr. Frey, Mr. Koenig and Mr. Macias, and lesser rates for associates and paralegals. The current hourly rates for associates range from $325 to $350 per hour, and the current hourly rate for paralegals ranges from $125 to $175 per hour.

Because of the nature of this matter, an initial advance deposit is required to be made by, or on behalf of, Client, in the amount of ~~$27,500, consisting of a~~ $25,000.00 fee retainer, ~~and $2,500 to cover the initial chapter 11 filing fees and other filing expenses.~~ This amount will be applied against future invoices of legal fees and costs advanced on Client's behalf. We will send Client an invoice on a periodic basis for our actual services, with payment for each monthly invoice due and payable in full upon approval of the bankruptcy court.



The rates set forth above are subject to change on 30 day written notice to client. If Client declines to pay any increased rates, Attorney will have the right to withdraw as Attorney for Client.

The time charged will include the time Attorney spends on telephone calls relating to Client's matter, including calls with Client, witnesses, opposing counsel or court personnel. The legal personnel assigned to Client's matter may confer among themselves about the matter, as required and appropriate. When they do confer, each person will charge for the time expended, as long as

the work done is reasonably necessary and not duplicative. Likewise, if more than one of the legal personnel attends a meeting, court hearing or other proceeding, each will charge for the time spent. Attorney will charge for waiting time in court, and elsewhere, and for travel time both local and out of town.

Time is charged in minimum units of one tenth (.1) of an hour. The rates set forth above are not set by law, but are negotiable between Attorney and Client.

E. <u>COSTS</u>

Client shall pay all cost and expenses directly. Attorney is under no obligation to advance costs or incur expenses. Should Attorney incur or advance costs and expenses in performing legal services under this Agreement, Client agrees to pay for all costs, disbursements and expenses in connection with this matter, including those which have been advanced by Attorney on Client's behalf. The costs and expenses commonly include service of process charges, filing fees, court and deposition reporters' fees, notary fees, deposition costs, long distance telephone charges, messenger and other delivery fees, postage, photocopying and other reproduction costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultants' fees, expert witness, professional, mediator, arbitrator and/or special master fees and other similar items.

> <u>Out of Town Travel</u> Client agrees to pay transportation, meals, lodging and all other costs of any necessary out-of-town travel by Attorney's personnel. Client will also be charged the hourly rates for the time legal personnel spend traveling.
>
> <u>Experts, Consultants and Investigators</u> To aid in the preparation or presentation of Client's case, it may become necessary to hire expert witnesses, consultants or investigators. Client agrees to pay such fees and charges. Attorney will select any expert witnesses, consultants or investigators to be hired and Client will be informed of persons chosen and their charges. Additionally, Client understands that if the matter proceeds to court action or arbitration, Client may be required to pay fees and/or costs to other parties in the action. Any such payment will be entirely the responsibility of Client.

Attorney may require costs to be advanced by Client from time to time, such the costs for copying and serving pleadings sent to all creditors in accordance with Bankruptcy law, as applicable. If Client fails to pay for or advance such costs within 30 days of request, Attorney is hereby authorized to promptly withdraw as counsel.

F. CONFLICT WAIVER

Based on the information provided to Attorney by Client, Attorney is not aware of any existing or potential conflict of interest with regard to Attorney's representation of Client.

G. APPROVAL NECESSARY FOR SETTLEMENT

Attorney will not make any settlement or compromise of any nature of any of Client's claims without Client's prior approval. Client retains the absolute right to accept or reject any settlement. Client agrees to seriously consider any settlement offer Attorney recommends before making a decision to accept or reject such offer. Client agrees not to make any settlement or compromise of any nature of any of Client's claims without prior notice to Attorney

H. LIMITATION OF REPRESENTATION

Attorney is representing Client only on the matter described in Paragraph B. Attorney's representation does not include any of the matters excluded in Paragraph B, any independent or related matters that may arise, including, among other things, tax claims, claims for property damage, workers' compensation, disputes with a health care provider about the amount owed for their services, or claims for reimbursement (subrogation) by any insurance company for benefits paid under an insurance policy.

This Agreement also does not include defending Client against, or representing Client in any claims that may be asserted against Client as a cross-claim or counter-claim, unless such representation is expressly agreed to by both Attorney and Client in writing. This Agreement does not apply to any other legal matters other than as described in paragraph B. If any such matters arise later, Attorney and Client will either negotiate a separate Agreement if Client and Attorney agree that Attorney will perform such additional legal work or Client will engage separate counsel with respect to the cross-claim or counter-claim or additional legal work.

I. COURT AWARDED FEES AND COSTS

In this matter, an award of attorneys' fees may be made to Client by the Court and against the opposing parties. Any portion of such an award actually received by Attorney shall be credited to charges otherwise due from Client. However, Client shall remain obligated for the balance due. In the event attorneys' fees and costs may be recovered by the adverse parties in this action, Client shall be responsible for such attorneys' fees and costs unless otherwise ordered by the court.

J. RIGHT TO WITHDRAWAL

Client may discharge Attorney at any time. In addition to the reasons set forth above, Attorney may withdraw with Client's consent or for good cause. Good cause includes Client's breach of this agreement, refusal to cooperate or to follow Attorney's advice on a material matter or any fact or circumstance that would render Attorney's continuing representation unlawful or unethical. If Client fails to pay any monthly invoice within 45 days of receipt, the Firm has the absolute right to terminate services and withdraw as counsel. When Attorney's services conclude, all unpaid charges will immediately become due and payable. After services conclude, Attorney will, upon Client's request, deliver Client's file and property in Attorney's possession, whether or not Client has paid for all services.

Notwithstanding Attorney's withdrawal or Client's notice of discharge, and without regard to the reasons for the withdrawal or discharge, Client will remain obligated to pay Attorney for all costs incurred prior to the termination and, in the event that there is any net recovery obtained by Client after conclusion of Attorney's services, Client remains obligated to pay Attorney for the reasonable value of all services rendered from the effective date of this Agreement to the date of discharge.

K. DISCLAIMER OF GUARANTEE AND ESTIMATES

Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of this matter. Attorney makes no such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter. Attorney's comments about the outcome of this matter are expressions of opinion only. Client acknowledges that Attorney has made no promise or guarantees about the outcome.

L. ENTIRE AGREEMENT

This Agreement contains the entire agreement of the parties. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties. This Agreement may be modified by subsequent Agreement of the parties only by an instrument in writing signed by both of them or an oral agreement only to the extent that the parties carry it out.

M. SEVERABILITY IN EVENT OF PARTIAL INVALIDITY

If any provision of this Agreement is held in whole or in part be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

N. EFFECTIVE DATE

This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. The date at the beginning of this Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.

O. CHOICE OF LAW

This Agreement shall be governed in all respects, including validity, interpretation and effect, by the laws of the State of California, without giving effect to the principles of choice of law or conflicts of law thereof.

P. HEADINGS

Headings contained in this Agreement are for reference purposes only and shall be given no weight in the construction of this Agreement.

Q. COUNTERPART/ELECTRONIC SIGNATURES

This Agreement may be executed in counterparts. The Parties further agree that this Agreement may be executed by facsimile or electronic signature, with such facsimile or electronic signature to have the same force, validity and effect as an original signature.

R. CLOSING

We appreciate your confidence in our office and are looking forward to working with you. Please execute and forward to us the enclosed copy of this letter. If you have any questions at any time regarding the scope of our employment or the manner in which Client is being billed, please let us know.

***THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT THE CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.***

Very truly yours,

Creim, Macias, Koenig & Frey LLP

By: Sandford L. Frey
Its: Partner

**ACCEPTANCE**

AGREED TO:

315 Arden LLC

By: Tzepah Zarmi
Its: Managing Member

**EXHIBIT "4"**

Sandford L. Frey (SBN 117058)
Stuart I. Koenig (SBN 102764)
Marta C. Wade (SBN 259296)
**CREIM MACIAS KOENIG & FREY LLP**
633 West Fifth Street, 48th Floor
Los Angeles, CA 90071
Telephone: (213) 614-1944
Facsimile: (213) 614-1961
sfrey@cmkllp.com
skoenig@cmkllp.com
mwade@cmkllp.com

[Proposed] Reorganization Attorneys for
315 ARDEN, LLC, Debtor and
Debtor in Possession

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**[LOS ANGELES DIVISION]**

In re

**315 ARDEN, LLC,**

Debtor and Debtor in Possession.

CASE NO.: 2:15-bk-26483-BR

Chapter 11

**NOTICE OF APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION PURSUANT TO BANKRUPTCY CODE §§ 327(a), 330, 331 AND 1107; FRBP 2014; AND LBR 2014-1; FOR ORDER AUTHORIZING: (1) EMPLOYMENT OF CREIM MACIAS KOENIG & FREY, LLP AS CHAPTER 11 COUNSEL; AND (2) AUTHORIZING DRAWDOWN OF PRE-PETITION RETAINER AND APPLY**

[No hearing required.]

**TO THE HONORABLE BARRY RUSSELL, U.S. BANKRUPTCY JUDGE, OFFICE OF THE UNITED STATES TRUSTEE, AND CREDITORS SET FORTH ON THE ATTACHED SERVICE LIST:**

**PLEASE TAKE NOTICE** that on November 25, 2015, 315 Arden, LLC, the Debtor and Debtor in Possession ("Debtor") filed its "APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION PURSUANT TO BANKRUPTCY CODE §§ 327(a), 330, 331 and 1107;

FEDERAL RULE OF BANKRUPTCY PROCEDURE ("FRBP") 2014(a); and LOCAL BANKRUPTCY RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA ("LBR") 2014-1(b), FOR ORDER AUTHORIZING: (1) EMPLOYMENT OF CREIM MACIAS KOENIG & FREY, LLP AS CHAPTER 11 COUNSEL; (2) AUTHORIZING DRAW DOWN OF PRE-PETITION RETAINER; AND, (3) AUTHORIZING POST-PETITION RETAINER AND ABILITY TO APPLY ITS POST-PETITION FEES AND EXPENSES" (the "Application") with the United States Bankruptcy Court.

The Debtor requires Chapter 11 counsel, and seeks to employ CMKF as its Chapter 11 counsel to render, among others, the following types of professional services:

a. advise the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, FRBP, LBR and the Office of the United States Trustee as they pertain to the Debtor;

b. advise the Debtor with regard to certain rights and remedies of its bankruptcy estate and the rights, claims and interests of creditors;

c. assist the Debtor with the negotiation, documentation and any necessary Court approval of transactions disposing of property of the estate;

d. represent the Debtor in any proceeding or hearing in the Bankruptcy Court involving the estate unless the Debtor is represented in such proceeding or hearing by other special counsel;

e. conduct examinations of witnesses, claimants or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of CMKF's expertise or which is beyond CMKF's staffing capabilities;

f. prepare and assist the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

affairs, financing pleadings and pleadings with respect to the Debtor's use, sale or lease of property outside the ordinary course of business;

g. assist the Debtor in the negotiation, formulation, preparation and confirmation of a Plan and the preparation and approval of a disclosure statement in respect of the Plan; and

h. performing any other services which may be appropriate in CMKF's representation of the Debtor during the Debtor's bankruptcy case.

In connection with its pre-petition services, CMKF agreed to accept the Retainer in the amount of $25,000.00. CMKF's billing department verified that CMKF provided legal services to the Debtor for the immediate billing period prior to the filing of the Chapter 11 petition in the amount of $9,180.00, which I am informed and believe CMKF drew down from the Pre-Petition Retainer in the ordinary course of business on ordinary and usual business terms. The amount of $1,717.00 was also used for the filing fees for this case, the source of which was the Pre-Petition Retainer. As of the Petition Date, after deducting the forgoing amounts, the balance on the Chapter 11 Retainer is $14,101.30.

CMKF will seek Court authority to be paid from the Debtor for any and all fees incurred and expenses advanced by CMKF since the petition date.

CMKF negotiated the amount of the Retainer with the Debtor based upon a number of factors including, but not limited to, the size and complexity of this case, the time that CMKF expects to put forth in this case, the lack of funds the Debtor had available to use to pay a retainer and the risk to CMKF if the case proves unsuccessful.

CMKF will provide monthly billing statements to the Debtor which will set forth the amount of fees incurred and expenses advanced by CMKF during the previous month.

CMKF's fees range for Partners from $400 to $595 per hour; for associates from $275 to $350 per hour; and for paralegals and case clerks from $125 to $175 per hour.

///

///

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

A copy of the Application will be provided to interested parties upon request to:

Sandford L. Frey, Esq.
Creim Macias Koenig & Frey LLP
633 W. Fifth Street, 51st Floor
Los Angeles, CA 90071

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(h), an order may be entered without a hearing, unless one is specifically requested by filing with the Court a written response in the form required by Local Bankruptcy Rule 9013-1(o)(1), (3) and (4), and serving upon Creim Macias Koenig & Frey LLP, proposed counsel, at the address set forth on the first page hereof, the United States Trustee, and the Debtor no later than **14 days** from the date of service of this Notice, as required by Local Bankruptcy Rule 2014-1(3)(E).

Dated: November 25, 2015

CREIM MACIAS KOENIG & FREY LLP

By: /s/ Sandford L. Frey
SANDFORD L. FREY
[Proposed] Reorganization Attorneys for 315 Arden. LLC, Debtor and Debtor-In-Possession

CREIM MACIAS KOENIG & FREY LLP
633 WEST FIFTH STREET, 48TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 614-1944

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

633 W. Fifth Street, 48th Floor, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): ***NOTICE OF APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION PURSUANT TO BANKRUPTCY CODE §§ 327(a), 330, 331 AND 1107; FRBP 2014; AND LBR 2014-1; FOR ORDER AUTHORIZING: (1) EMPLOYMENT OF CREIM MACIAS KOENIG & FREY, LLP AS CHPATER 11 COUNSEL; AND (2) AUTHORIZING DRAWDOWN OF PRE-PETITION RETAINER AND APPLY*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 25, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Sandford L. Frey | sfrey@cmkllp.com; knielsen@cmkllp.com |
| Stuart I. Koenig | skoenig@cmkllp.com; knielsen@cmkllp.com |
| Ron Maroko | ron.maroko@usdoj.gov |
| U.S. Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| Marta C. Wade | mwade@cmkllp.com; knielsen@cmkllp.com |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:** On (*date*) November 25, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 25, 2015 | Dulce Rojas | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

## 2. SERVICE LIST

315 Arden, LLC
8950 W Olympic Blvd # 650
Beverly Hills, CA 90211

Employment Development Dept.
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS A-340
PO Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

L.A. County Tax Collector
Bankruptcy Unit
PO Box 54110
Los Angeles, CA 90054-0110

Los Angeles City Clerk
PO Box 53200
Los Angeles, CA 90053-0200

Securities Exchange Commission
444 S Flower St, Ste 900
Los Angeles, CA 90071-2934

Capital One Card Serv
PO Box 30285
Salt Lake City, UT 84130-0285

Christopher Morris CPA
Sobul Prime & Schenkel
12100 Wilshire Blvd Ste 1150
Los Angeles, CA 90025-7117

County of Orange
PO box 4515
Santa Ana, CA 92702-4515
Attn: Bankruptcy Unit

Daniel & Judith Arnall Family Trust
8950 W Olympic Blvd # 650
Beverly Hills, CA 90211-3561

David and Tzepah Freedland
8950 W Olympic Blvd #650
Beverly Hills, CA 90211-3561

Equity Real Estate Services
1702 S Robertson Blvd
Los Angeles, CA 90035-4316

Eugene G Cowan Esq
Bocarsly Emden LLP
633 W Fifth St 64th Fl
Los Angeles, CA 90071-2011

Infiniti of Beverly Hills
8825 Wilshire Blvd
Beverly Hills, CA 90211-2605

Investment Property Exchange
4041 MacArthur Blvd No 400
Newport Beach, CA 92660-2554

Internal Revenue Service
300 N. Los Angeles St, Stop 5022
Los Angeles, CA 90012-3478

Judith Arnall
8950 W Olympic Blvd # 650
Beverly Hills, CA 90211-3561

Larry Langberg & Associates
PO Box 630485
Simi Valley, CA 93063-0009

Law Offices of Timothy D McGonigle
233 Wilshire Blvd Ste 700
Santa Monica, CA 90401-1207

Luviland Corporation
319 Collard Way
Placentia, CA 92870-8217

Luviland LLC
9761 Calendula Ave
Westminster, CA 92683-6915

Orange County Treasurer
11 Civic Center Plz
Santa Ana, CA 92701-4063

Plumbquest
5062 Lankersheim Blvd # 15
North Hollywood, CA 91601-4225

President or Manager
Red Mountain Group Inc
1234 E 17th Street
Santa Ana, CA 92701-2612

President or Manager
Red Mountain Retail Group Inc
1234 E 17th Street
Santa Ana, CA 92701-2612

Rodriguez Hori Choi & Cafferata LLP
777 S Figueroa St Ste 2150
Los Angeles, CA 90017-5875

Seth I Weissman Esq
Jeffer Mangels Butler Mitchell LLP
1900 Ave of the Stars 7th Fl
Los Angeles, CA 90067-4308

Tzepah Freedland
8950 W Olympic Blvd # 650
Beverly Hills, CA 90211-3561

Eric Wohl
W Linc BP LLC
1234 E 17th Street
Santa Ana, CA 92701-2612

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

633 W. Fifth Street, 48th Floor, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): ***APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION PURSUANT TO BANKRUPTCY CODE §§ 327(a), 330, 331 AND 1107; FRBP 2014; AND LBR 2014-1; FOR ORDER AUTHORIZING: (1) EMPLOYMENT OF CREIM MACIAS KOENIG & FREY LLP AS CHPATER 11 COUNSEL; AND (2) AUTHORIZING DRAWDOWN OF PRE-PETITION RETAINER AND ABILITY TO APPLY ITS POST-PETITION FEES AND EXPENSES; DECLARATION OF SANDFORD L. FREY IN SUPPORT*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 25, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Sandford L. Frey | sfrey@cmkllp.com; knielsen@cmkllp.com |
| Stuart I. Koenig | skoenig@cmkllp.com; knielsen@cmkllp.com |
| Ron Maroko | ron.maroko@usdoj.gov |
| U.S. Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| Marta C. Wade | mwade@cmkllp.com; knielsen@cmkllp.com |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) November 25, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| November 25, 2015 | Dulce Rojas | [signature] |
| *Date* | *Printed Name* | *Signature* |

## 2. SERVICE LIST

315 Arden, LLC
8950 W Olympic Blvd # 650
Beverly Hills, CA 90211

Employment Development Dept.
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS A-340
PO Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

L.A. County Tax Collector
Bankruptcy Unit
PO Box 54110
Los Angeles, CA 90054-0110

Los Angeles City Clerk
PO Box 53200
Los Angeles, CA 90053-0200

Securities Exchange Commission
444 S Flower St, Ste 900
Los Angeles, CA 90071-2934

Capital One Card Serv
PO Box 30285
Salt Lake City, UT 84130-0285

Christopher Morris CPA
Sobul Prime & Schenkel
12100 Wilshire Blvd Ste 1150
Los Angeles, CA 90025-7117

County of Orange
PO box 4515
Santa Ana, CA 92702-4515
Attn: Bankruptcy Unit

Daniel & Judith Arnall Family Trust
8950 W Olympic Blvd # 650
Beverly Hills, CA 90211-3561

David and Tzepah Freedland
8950 W Olympic Blvd #650
Beverly Hills, CA 90211-3561

Equity Real Estate Services
1702 S Robertson Blvd
Los Angeles, CA 90035-4316

Eugene G Cowan Esq
Bocarsly Emden LLP
633 W Fifth St 64th Fl
Los Angeles, CA 90071-2011

Infiniti of Beverly Hills
8825 Wilshire Blvd
Beverly Hills, CA 90211-2605

Investment Property Exchange
4041 MacArthur Blvd No 400
Newport Beach, CA 92660-2554

Internal Revenue Service
300 N. Los Angeles St, Stop 5022
Los Angeles, CA 90012-3478

Judith Arnall
8950 W Olympic Blvd # 650
Beverly Hills, CA 90211-3561

Larry Langberg & Associates
PO Box 630485
Simi Valley, CA 93063-0009

Law Offices of Timothy D McGonigle
233 Wilshire Blvd Ste 700
Santa Monica, CA 90401-1207

Luviland Corporation
319 Collard Way
Placentia, CA 92870-8217

Luviland LLC
9761 Calendula Ave
Westminster, CA 92683-6915

Orange County Treasurer
11 Civic Center Plz
Santa Ana, CA 92701-4063

Plumbquest
5062 Lankersheim Blvd # 15
North Hollywood, CA 91601-4225

President or Manager
Red Mountain Group Inc
1234 E 17th Street
Santa Ana, CA 92701-2612

President or Manager
Red Mountain Retail Group Inc
1234 E 17th Street
Santa Ana, CA 92701-2612

Rodriguez Hori Choi & Cafferata LLP
777 S Figueroa St Ste 2150
Los Angeles, CA 90017-5875

Seth I Weissman Esq
Jeffer Mangels Butler Mitchell LLP
1900 Ave of the Stars 7th Fl
Los Angeles, CA 90067-4308

Tzepah Freedland
8950 W Olympic Blvd # 650
Beverly Hills, CA 90211-3561

Eric Wohl
W Linc BP LLC
1234 E 17th Street
Santa Ana, CA 92701-2612