Sandford L. Frey (SBN 117058)
Stuart I. Koenig (SBN 102764)
**CREIM MACIAS KOENIG & FREY LLP**
633 West Fifth Street, 48th Floor
Los Angeles, CA 90071
Telephone: (213) 614-1944
Facsimile: (213) 614-1961
sfrey@cmkllp.com
skoenig@cmkllp.com

Reorganization Attorneys for 315 Arden, LLC,
Debtor and Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## [LOS ANGELES DIVISION]

| | |
|---|---|
| In re<br><br>**315 ARDEN, LLC,**<br><br>Debtor and Debtor-in-Possession. | CASE NO.: 2:15-bk-26483-BR<br><br>Chapter 11<br><br>**REPORT OF DEBTOR AND DEBTOR IN POSSESSION RE: STATUS OF CASE**<br><br>DATE:    March 23, 2016<br>TIME:    2:00 p.m.<br>CTRM:    1668 |

I:\slf\20252 (315 Arden LLC)\Status Report (First) [Final Ver 3-14-16].docx

1

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

## I.

## INTRODUCTION

A.  **BACKGROUND ON THE DEBTOR AND EVENTS LEADING TO CHAPTER 11**

The Debtor is a limited liability company, the membership interest of which is held 80% by the Daniel & Judith Arnall Family Trust ("Trust"). The beneficiaries of the Trust consist of Judith Arnall, a widow of approximately thirty-nine years of age, with advanced Multiple Sclerosis (who is now permanently confined to a wheel chair), and her fourteen year old minor child. The balance of the equity interest is held by Ms. Tzepah Freedland (aka Tzepah Zarmi) ("Freedland"), the managing member. Prior to the filing of this Chapter 11 case, the Debtor was the victim of a fraudulent real estate scheme, in which a group of unscrupulous real estate professionals (including, the sellers and real estate agents) fraudulently induced the Debtor, through their misrepresentations and reprehensible conduct, into immensely overpaying for commercial property, located at 7101 W. Lincoln Avenue, Buena Park, CA ("Property"), to the detriment of the Debtor, its creditors, as well as to the detriment of the infirm widow, her minor child and Ms. Freedland.

The Debtor commenced its bankruptcy case by filing in this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 27, 2015 ("Petition Date"). The Debtor continues to operate and manage its affairs as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. An official committee of creditors holding unsecured claims has not yet been formed. The Court has core jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A), (D), (K) and (M).

In February of 2015, the Debtor was induced to purchase the Property from W Linc BP LLC, ("W Linc"), which is a single purpose limited liability company believed to be owned by Red Mountain Group, Inc. ("RMG"), and/or Red Mountain Retail Group, Inc. ("RMRG" and together with W. Linc and RMG, the "Seller Entities"). On the basis of numerous misrepresentations made respecting the Property, its value and the viability of its tenants, and the

net worth of the personal guarantor purportedly providing security for the tenants' obligations, among other things, the Debtor was induced to purchase the Property for $6,200,000, of which approximately $4,800,000 was paid in **cash**, with the balance of the purchase price of approximately $1,500,000 being carried back by one of the Seller Entities in the form of a promissory note, secured by a deed of trust against the Property ("Disputed Secured Claim"). Theoretically, this should result in over a 400% equity cushion for the Disputed Secured Claim, but for the misrepresentations of the Seller Entities/secured claimant respecting the Property.

After close of escrow for the Property, the Debtor discovered that it had been misled into massively overpaying for the Property, as the Property was actually worth approximately three million less than the $6.5 million purchase price[1], to say nothing of the $7 plus million value represented to the Debtor. As a result, the Debtor initiated an action in the Superior Court of the State of California for the County of Orange, by filing on August 21, 2015, a *Complaint for (1) Breach of Contract (Lease); (2) Breach of Contract (Guaranty); (3) Fraud and Intentional; Misrepresentation (against Agents and Does); (4) Fraud and Intentional; Misrepresentation (against Sellers and Does); (5) Intentional Concealment; (6) Negligent Concealment; (7) Negligent Misrepresentation; (8) Breach of Fiduciary Duty; (9) Negligence; (10) Constructive Fraud; and (11) Rescission*, ("State Court Complaint"), entitled *315 Arden LLC, a California Limited Liability Company, Plaintiff, vs. Red Mountain Group, Inc., a California Corporation; Red Mountain Retail Group, Inc., a California Corporation; W Linc BP, LLC, a California Limited Liability Company; Luviland Corporation, a California Corporation; Luviland LLC, a California Limited Liability Company, John Huy Nguyen, an individual, Eric Wohl, an individual; Hanley Investment Group, Inc., a California Corporation, and, Does 1 through 40, inclusive*, Case No. 3D-2015-00805904-CU-FR-CJC ("State Court Action").

In the interest of brevity, the Debtor will not reiterate all of the background and factual allegations set forth in the State Court Complaint, and will only summarize some of the background

---

[1] Needless to say, the lower valuation still results in an approximately 200% equity cushion.

I:\slf\20252 (315 Arden LLC)\Status Report (First) [Final Ver 3-14-16].docx

3

supporting the claims. The Debtor recently filed an adversary proceeding against W Linc in which the facts are set out in greater detail.

As explained in the complaint recently filed by the Debtor, material representations made to the Debtor concerning the tenants and their financial condition were fabricated. Instead of the Property being leased by strong viable tenants as represented to the Debtor, the Debtor discovered subsequent to closing that the representations were completely false. Prior to closing, it was represented to the Debtor that one tenant was a purportedly successful "trading" business, being run by a "high net worth" doctor, which leasehold allegedly generated sufficient income to satisfy the tenant's rental obligations. Instead, the Debtor discovered after closing that the actual tenant was a completely uncreditworthy operator, which was operating an illegal business from the Property. Furthermore, within only a few weeks after the close of escrow, the tenant promptly breached the lease and abandoned the leased premises, leaving the Debtor without any rental income whatsoever. In addition, the Seller Entities were aware, but failed to disclose, that this allegedly viable tenant was likely to, and ultimately did, abscond with funds provided to the tenant, which were intended to be used exclusively for improvements to the Property.

Importantly, the tenant's defaults were completely predictable to the Seller Entities as, unbeknownst to the Debtor, the Seller Entities were aware that the real operator was an uncreditworthy judgment debtor engaged in running an illegal business; had been denied a business license for that reason; and, was likely to default. Moreover, the Debtor discovered only after the tenant's abandonment of the Property that the Seller Entities knew, but failed to disclose that: (1) the thrift store business in operation at the time of escrow, violated city zoning ordinances, and had been denied a business license before the Property was even offered for sale (and thus had no business license as of the time of sale); (2) the doctor and lease guarantor who was supposedly using part of the Property in conjunction with another business was not the operator of any business at the Property, and his "trading" businesses was pure fiction; (3) the thrift store that did exist at the Property was actually being operated illegally by a person who had received a "leasing commission" from one of the Seller Entities -- but whose involvement was never disclosed to the

Debtor prior to the close of escrow even though it was known to the Seller Entities; (4) the same doctor and lease guarantor that was touted as a "high net worth" individual providing security for the lease obligations is financially incapable of paying the damages caused by tenant's breach of the lease, and had an unpaid and undisclosed federal tax lien against him and is appearing in the civil action in *pro per*; and (5) the tenant improvements that were supposed to have been completed at the close of escrow have never been made.

On or about August 18, 2015, W Linc served a Notice of Default threatening to foreclosure if the Debtor failed to pay the balance due on the W Linc Note in the amount of approximately $1,568,569.27.

Based upon the foregoing, the Debtor concluded that it was in the best interest of creditors, the Estate and Interest Holders to file for Chapter 11 protection and to propose a plan of reorganization that restructures its financial obligations, preserves its investment and the abundant equity in the Commercial Property, pays undisputed creditors, and permits the Debtor an opportunity to pursue its State Court Action and other Rights of Action.

B.  **CASH COLLATERAL AGREEMENTS WITH FIRST CITIZENS**

W Linc asserts the W Linc Disputed Secured Claim against the Property in the asserted amount of approximately $1,500,000. In addition, the Debtor believes that W Linc may assert an interest in rents generated from the Property, pursuant to the assignment of rents provisions contained in the W Linc Trust Deed. Any and all Claims asserted by W Linc (including, without limitation, the W Linc Disputed Secured Claim), and the asserted interest of W Linc in rents, are disputed by the Debtor in their entirety.

Regardless, the Debtor has not sought authorization to use cash collateral because the Property is not currently generating any rents as of the date of this Status Report. At the appropriate time, once all or a portion of the Property is leased, the Debtor intends to seek consent or authorization to use cash collateral, despite that the Secured Claim asserted by W Linc is disputed in its entirety, unless the W Linc Disputed Secured Claim has been disallowed by that time.

C. **DIP MOTION**

The Debtor filed its DIP Motion on November 18, 2015 [Docket No. 14]. The hearing on the DIP Motion was held on December 15, 2015 at 2:00 p.m. No opposition was filed to the DIP Motion. The Bankruptcy Court approved the DIP Motion at the hearing, and the Order was entered by this Court on January 11, 2016 [Docket No. 52].

Pursuant to the DIP Motion, the Debtor was authorized to borrow from the Trust up to $150,000 from time to time as required by the Debtor for, among other things, quarterly fees, operating expenses, adequate protection payments (to the extent required), costs of administration (including, but not limited to, professional fees and expenses) and any other costs or expenses necessary for, or related to, administration of the estate.

D. **BAR DATE**

Pursuant to an Order entered by this Court, a bar date of April 12, 2016 has been set. [Docket No. 63].

E. **ADVERSARY PROCEEDING**

On February 19, 2016, the Debtor filed an adversary proceeding to: (1) avoid and recover fraudulent transfers; (2) equitably subordinate claims Defendants; and (3) disallow claims ("Complaint"). The Debtor filed the Complaint against Red Mountain Group, Inc., Red Mountain Retail Group, Inc. and W Linc. [Docket No. 70]. The summons has been issued and served on counsel for the Defendants. A response from the Defendants is due on or before March 23, 2016. A Status Conference on the adversary proceeding is set for April 12, 2016.

II.

**CURRENT STATUS**

A. **PLAN AND DISCLOSURE STATEMENT**

The initial period within which only the Debtor has the exclusive right to file a plan is through February 24, 2015 pursuant to 11 U.S.C. §1121. The Court set December 28, 2015 as the deadline for filing the Plan pursuant to the Scheduling Order, and consistent with the Scheduling Order the Debtor filed its Plan and Disclosure Statement within the deadline set by this Court.

[Docket No's. 41 and 42]. Following its review of the Plan and Disclosure Statement, the Court set a hearing on the adequacy of the Disclosure Statement for March 23, 2016.

The Debtor intends to file on March 15, 2016 a few technical amendments to the Disclosure Statement and Plan, essentially updating the information contained therein.

In addition, the Debtor received its appraisal report for the Property from Herron Companies on or about March 10, 2016. Furthermore, SL Biggs, a Division of SingerLewak ("SL Biggs"), was employed by order entered on February 5, 2016. After reviewing the books and records and conducting its analysis, SL Biggs prepared the financial analysis for the Disclosure Statement, which was completed on March 14, 2016. Accordingly, the Debtor could not have filed its modification prior to receipt of those two critical items of financial information, which are essential to confirmation of the Plan.

The Debtor is now in a position to proceed with approval of its Disclosure Statement and then to confirmation of its Plan. The Debtor believes that the modifications to the Disclosure Statement are not material. However, if counsel for W Linc requires additional time to review the exhibits, the Debtor has no objection to a brief continuance. Regardless, the Debtor would also like to set the confirmation hearing out about forty-five days to provide an opportunity for it to explore the possibility of a consensual plan with counsel for W Linc.

The Debtor has also employed a broker in the case. Although the Debtor initially filed an application to employ Lee & Associates, it has withdrawn that application and instead decided to employ Jones Lange LaSalle Brokerage, Inc. due to its familiarity with this type of property and the surrounding area.

**B.    STATE COURT ACTION**

The Debtor initiated its State Court Action by filing a complaint in the Superior Court of the State of California for the County of Orange on August 21, 2015, which was thereafter amended. The State Court Complaint filed by the Debtor in the State Court Action asserts ten causes of action against the State Court Defendants for breach of contract (lease); breach of contract (guaranty); fraud and intentional; misrepresentation; fraud and intentional

misrepresentation; (5) intentional concealment; (6) negligent concealment; (7) negligent misrepresentation; (8) breach of fiduciary duty; (9) negligence; and (10) constructive fraud.

The State Court Complaint is pending and the Debtor prior to Confirmation, and the Reorganized Debtor after Confirmation, intends to vigorously prosecute the State Court Action. A copy of the State Court Complaint was attached to the Disclosure Statement previously filed by the Debtor. Continued prosecution of the State Court Action, both before and after the Effective Date, will be funded by contributions to the Debtor and Reorganized Debtor by the Trust.

Dated: March 14, 2016              CREIM MACIAS KOENIG & FREY LLP


By:  /s/ Stuart I. Koenig
     STUART I. KOENIG
     Reorganization Attorneys for 315 Arden, LLC,
     Debtor and Debtor-In-Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

633 W. Fifth Street, 48th Floor, Los Angeles, CA  90071

A true and correct copy of the foregoing document entitled (*specify*):  **REPORT OF DEBTOR AND DEBTOR IN POSSESSION RE: STATUS OF CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 14, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Sandford L. Frey | sfrey@cmkllp.com; knielsen@cmkllp.com |
| Daniel J. Kessler | aburkhalter@bkcglaw.com; ehardeman@bkcglaw.com; rlockwood@bkcglaw.com; lsandoval@bkcglaw.com |
| Stuart I. Koenig | skoenig@cmkllp.com; knielsen@cmkllp.com |
| Ron Maroko | ron.maroko@usdoj.gov |
| Byron Z. Moldo | bmoldo@ecjlaw.com; lpekrul@ecjlaw.com |
| U.S. Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| Michael D. Vanlochem | janguiano@vandc.net |
| Marta C. Wade | mwade@cmkllp.com; knielsen@cmkllp.com |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) March 14, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA  90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 14, 2016 | Kelli Nielsen | /s/ Kelli Nielsen |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                               **F 9013-3.1.PROOF.SERVICE**

2. **SERVICE LIST**

315 Arden, LLC
8950 W Olympic Blvd # 650
Beverly Hills, CA 90211

Employment Development Dept.
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS A-340
PO Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

L.A. County Tax Collector
Bankruptcy Unit
PO Box 54110
Los Angeles, CA 90054-0110

Los Angeles City Clerk
PO Box 53200
Los Angeles, CA 90053-0200

Securities Exchange Commission
444 S Flower St, Ste 900
Los Angeles, CA 90071-2934

Capital One Card Serv
PO Box 30285
Salt Lake City, UT 84130-0285

Christopher Morris CPA
Sobul Prime & Schenkel
12100 Wilshire Blvd Ste 1150
Los Angeles, CA 90025-7117

County of Orange
PO box 4515
Santa Ana, CA 92702-4515
Attn: Bankruptcy Unit

Daniel & Judith Arnall Family Trust
8950 W Olympic Blvd # 650
Beverly Hills, CA 90211-3561

David and Tzepah Freedland
8950 W Olympic Blvd #650
Beverly Hills, CA 90211-3561

Equity Real Estate Services
1702 S Robertson Blvd
Los Angeles, CA 90035-4316

Eugene G Cowan Esq
Bocarsly Emden LLP
633 W Fifth St 64th Fl
Los Angeles, CA 90071-2011

Infiniti of Beverly Hills
8825 Wilshire Blvd
Beverly Hills, CA 90211-2605

Investment Property Exchange
4041 MacArthur Blvd No 400
Newport Beach, CA 92660-2554

Internal Revenue Service
300 N. Los Angeles St, Stop 5022
Los Angeles, CA 90012-3478

Judith Arnall
8950 W Olympic Blvd # 650
Beverly Hills, CA 90211-3561

Larry Langberg & Associates
PO Box 630485
Simi Valley, CA 93063-0009

Law Offices of Timothy D. McGonigle
1880 Century Park East, Suite 516
Los Angeles, CA 90067

~~Luviland Corporation~~
~~319 Collard Way~~
~~Placentia, CA 92870-8217~~
[Returned Mail – No Forwarding Address]

Luviland LLC
9761 Calendula Ave
Westminster, CA 92683-6915

Orange County Treasurer
11 Civic Center Plz
Santa Ana, CA 92701-4063

Plumbquest
347 N Sycamore Ave
Los Angeles, CA 90036

Red Mountain Group Inc
c/o Byron Z. Moldo, Esq.
Ervin Cohen & Jessup LLP
9401 Wilshire Blvd, 9th Fl
Beverly Hills, CA 90212

Red Mountain Retail Group Inc
c/o Byron Z. Moldo, Esq.
Ervin Cohen & Jessup LLP
9401 Wilshire Blvd, 9th Fl
Beverly Hills, CA 90212

Reynolds Cafferata, Esq.
Rodriguez Hori Choi & Cafferata LLP
777 S Figueroa St Ste 2150
Los Angeles, CA 90017-5875

Seth I Weissman Esq
Jeffer Mangels Butler Mitchell LLP
1900 Ave of the Stars 7th Fl
Los Angeles, CA 90067-4308

Tzepah Freedland
8950 W Olympic Blvd # 650
Beverly Hills, CA 90211-3561

W Linc BP LLC
Attn: Michael H. Mugel, Manager
1234 E 17th Street
Santa Ana, CA 92701-2612

Michael A Chesney
2929 Edinger Ave
Tustin, CA 92780

Lombardo Safford LLP
12424 Wilshire Blvd
Los Angeles, CA 90025

SLBiggs
10960 Wilshire Blvd 7th Fl
Los Angeles, CA 90024

Attn: Warren Berzack
Lee & Associates
15250 Ventura Blvd., Suite 100
Sherman Oaks, CA 91403

ADP LLC / Manager Client Services
P.O. Box 12513
1851 N. Resler Drive
El Paso, TX 79912

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**