| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Sandford L. Frey (SBN 117058)<br>Stuart I. Koenig (SBN 117058)<br>CREIM MACIAS KOENIG & FREY, LLP<br>633 W. Fifth Street, 48th Floor<br>Los Angeles, CA  90071<br>Telephone:  (213) 614-1944<br>Facsimile:  (213) 614-1961<br>sfrey@cmkllp.com<br>skoenig@cmkllp.com<br><br>☐  Individual *appearing without an attorney*<br>☒  *Attorney for:* Debtor and Debtor in Possession | FOR COURT USE ONLY |
|---|---|

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – <u>LOS ANGELES</u> DIVISION

| In re:<br><br>315 ARDEN, LLC,<br><br><br><br><br><br><br><br>Debtor(s) | CASE NO.: 2:15-bk-26483-BR<br><br>CHAPTER: 11<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** *(title of motion[1])*:<br><br>PLAN OF REORGANIZATION PROPOSED BY DEBTOR, 315 ARDEN, LLC |
|---|---|

PLEASE TAKE NOTE that the order titled <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: CONFIRMATION OF PLAN OF REORGANIZATION PROPOSED BY DEBTOR, 315 ARDEN, LLC</u>
was lodged on *(date)* <u>June 16, 2016</u> and is attached.  This order relates to the motion which is docket number <u>108</u>.

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                           Page 1                           **F 9021-1.2.BK.NOTICE.LODGMENT**

**EXHIBIT "A"**

Sandford L. Frey (SBN 117058)
Stuart I. Koenig (SBN 102764)
**CREIM MACIAS KOENIG & FREY LLP**
633 West Fifth Street, 48th Floor
Los Angeles, CA 90071
Telephone: (213) 614-1944
Facsimile:  (213) 614-1961
sfrey@cmkllp.com
skoenig@cmkllp.com

Reorganization Attorneys for 315 Arden, LLC, Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

[LOS ANGELES DIVISION]

| | |
|---|---|
| In re<br><br>**315 ARDEN, LLC,**<br><br>     Debtor and Debtor-in-Possession. | CASE NO.: 2:15-bk-26483-BR<br><br>Chapter 11<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: CONFIRMATION OF PLAN OF REORGANIZATION PROPOSED BY DEBTOR, 315 ARDEN, LLC**<br><br>*Confirmation Hearing held on:*<br>DATE:    June 7, 2016<br>TIME:     10:00 a.m.<br>CTRM:    1668 |

On June 7, 2016, the Court held a hearing ("Confirmation Hearing") regarding confirmation of the *Plan of Reorganization Proposed by Debtor, 315 Arden, LLC*, a true and correct copy of which is filed as a part of these Findings of Fact and Conclusions of Law ("*Findings*") as **Exhibit A** ("Plan")[1].

Sandford L. Frey of Creim Macias Koenig & Frey LLP appeared on behalf of the Debtor, 315 Arden, LLC, ("Debtor"). All other appearances were noted on the record.

The Court, having reviewed and considered:

- The *Disclosure Statement Describing Plan of Reorganization Proposed by Debtor, 315 Arden, LLC* and Exhibits ("Disclosure Statement"), attached as Exhibit C to the *Submission of Solicitation Package for Plan of Reorganization Proposed by Debtor, 315 Arden, LLC*, filed May 9, 2016, as Docket No. 108 ("Solicitation Package");
- The *Plan of Reorganization Proposed by Debtor, 315 Arden, LLC* ("Plan"), filed December 28, 2015, attached as Exhibit D to the Solicitation Package;
- The Exhibits accompanying the Disclosure Statement;
- The *Order Authorizing and Approving: (1) Adequacy of the Disclosure Statement Describing Plan of Reorganization Proposed by Debtor, 315 Arden, LLC; (2) The Form, Scope, and Nature of Solicitation, Balloting, Tabulation, and Notice with respect thereto; and (3) Related Confirmation Procedures, Deadlines and Notices* ("Disclosure Statement Order") entered on April 8, 2016 [Docket No. 98];
- Solicitation Package and Exhibits [Docket No. 108];
- Ballots attached to the *Analysis of Ballots for Accepting or Rejecting Plan of Reorganization Proposed by Debtor, 315 Arden, LLC* and *Declaration of Kelli Nielsen in Support thereof*, filed on May 31, 2016 [Docket No. 120] ("Plan Ballot Summary");

---

[1] Capitalized terms shall have the meaning set forth herein. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan. Unless otherwise noted, statutory references are to 11 U.S.C. §§ 101 et seq., the Bankruptcy Code.

I:\slf\20252 (315 Arden LLC)\Findings of Fact and Conclusions of Law re Confirmation (Final Ver 6-16-16).docx    2

- Plan Ballot Summary filed on May 31, 2016 [Docket No. 120];
- The *Memorandum Filed in Support of Confirmation of Plan of Reorganization Proposed by Debtor, 315 Arden, LLC* filed on May 10, 2016 [Docket No. 109] ("Confirmation Memorandum");
- The *Supplemental Memorandum Filed in Support of Confirmation of Plan of Reorganization Proposed by 315 Arden, LLC* filed May 31, 2016 [Docket No. 121];
- Declaration of Samuel Biggs in support of confirmation of the Plan, filed with the Confirmation Memorandum on May 10, 2016 [as part of Docket No. 109];
- Declaration of Tzepah Freedland in support of confirmation of the Plan, filed on May 12, 2016 [Docket No. 112];
- The various declarations of service that relate to the Debtor's service of the Plan, the Disclosure Statement, and other Court-approved solicitation materials that the Debtor filed with the Court;
- All other pleadings and evidence that were submitted before or at the Confirmation Hearing;
- The record in this Case; and,
- The arguments and representations of counsel at the Confirmation Hearing.

The Court hereby makes the following Findings of Fact and Conclusions of Law. These Findings of Facts and Conclusions of Law constitute the Court's findings of fact and conclusions of law under Federal Rule of Bankruptcy Procedure ("FRBP") 7052 and 9014. Any findings of fact constitutes a finding of fact even if it is stated as a conclusion of law; and any conclusion of law constitutes a conclusion of law even if it is stated as a finding of fact.

A. <u>Venue and Jurisdiction</u>: This matter is a core proceeding over which the Court has jurisdiction under 28 U.S.C. §§ 157(b) and 1334(a). Venue for this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

B. <u>Notice and Due Process</u>: The Debtor provided notice of the Confirmation Hearing, and of the time fixed for filing objections to Plan confirmation, to all entities entitled to receive

that notice as set forth in the Disclosure Statement Order. The notice of the Confirmation Hearing fully and adequately described the requested relief; was reasonable and appropriate; and complied in all regards with due process. The notice of the Confirmation Hearing also complied with the applicable provisions of (1) the Bankruptcy Code; (2) the FRBP, including, without limitation, FRBP 2002, 3017, 3018, and 3019; (3) the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR"); and (4) all relevant orders of this Court, including the Disclosure Statement Order.

C. Solicitation: The Debtor conducted its solicitation of acceptances or rejections of the Plan and its related distribution and tabulation of ballots with respect to that solicitation in good faith. In addition, the solicitation, distribution and tabulation complied with the Disclosure Statement Order; all applicable provisions of the FRBP (including, without limitation, FRBP 3017 and 3018); all applicable provisions of the Bankruptcy Code (including, without limitation, sections 1125 and 1126); and all other applicable laws, rules and regulations. Among other things, the Debtor transmitted the Plan and Disclosure Statement to all known parties who hold Claims and Interests that are impaired under the Plan, and who are, therefore, entitled to vote on the Plan, and to all parties who have requested special notice in this Case.

**Compliance with the Requirements of Bankruptcy Code §1129.**

D. The Plan complies with all applicable requirements of section 1129(a).

1. Bankruptcy Code §1129(a)(1): The Plan complies with all applicable sections of the Bankruptcy Code, including, without limitation, §§ 1122 and 1123 because it contains what is required for a plan and what is permitted for a plan.

   a. Bankruptcy Code § 1122: Each claim or interest placed in a particular class under the Plan is substantially similar to the other claims or interests in that class, and is substantially dissimilar from those claims or interests placed in other classes. The Plan separates secured claims and properly classifies unsecured claims.

   b. Bankruptcy Code §1123(a): The Plan satisfies the mandatory requirements of section 1123(a).

I:\slf\20252 (315 Arden LLC)\Findings of Fact and Conclusions of Law re Confirmation (Final Ver 6-16-16).docx    4

(1) Bankruptcy Code §1123(a)(1): The Plan adequately specifies classes of claims and how the claims will be treated. All Claims and Interests are expressly classified under the Plan, other than Administrative Claims and Priority Tax Claims.

(2) Bankruptcy Code §1123(a)(2): The Plan properly specifies that Class 1 is unimpaired. All other classes are impaired.

(3) Bankruptcy Code §1123(a)(3): The Plan specifies that Classes 2, 3, 4 and 5 are impaired, and specifies the treatment of the claims and interests in each of those Classes.

(4) Bankruptcy Code §1123(a)(4): Section V of the Plan satisfies section 1123(a)(4) by providing the same treatment to each claim or interest that is classified in each particular class under the Plan. The Court finds that the Plan is not improperly discriminatory respecting any class of Claims.

(5) Bankruptcy Code §1123(a)(5): The Plan provides adequate means for implementation. Among other things, section 1123(a)(5) gives an exemplary list of means that plan proponents may include in their plans so the plan may be adequately effectuated. The Court finds the Plan in compliance.

(6) Bankruptcy Code §1123(a)(6): The Plan prohibits the issuance of non-voting equity securities. The Court finds the Plan in compliance.

(7) Bankruptcy Code §1123(a)(7): A plan must conforms to public policy in the selection of officers and directors. The Court finds the Plan in compliance.

(8) Bankruptcy Code §1123(a)(8): This bankruptcy section is not applicable since it only applies to individual debtors.

(9) Bankruptcy Code §1123(b): The Plan contains appropriate permissive provisions under section 1123(b). The Plan provides for the rejection of executory contracts and unexpired leases in accordance with Section 1123(b)(2).

2. Bankruptcy Code §1129(a)(2): As the Plan proponent, the Debtor complies with the applicable provisions of the Bankruptcy Code. The Court approved the Disclosure

Statement prior to dissemination of the Plan. In addition, the Debtor only solicited acceptances of the Plan after the Court had approved the Disclosure Statement. See, Section 1125(b).

3. <u>Bankruptcy Code §1129(a)(3)</u>: As the proponent of the Plan, the Debtor has proposed the Plan in good faith and not by any means forbidden by law. In this case, no party objected to the good faith of the Plan, and the Court does not need to take evidence on the issue. FRBP 3020(b). A plan is proposed in good faith when it achieves results consistent with the objectives of the Bankruptcy Code. A plan is not necessarily proposed in bad faith just because the plan uses code provisions to adversely affect a creditor's rights. Good faith is based on the totality of the circumstances. *Platinum Capital Inc. v. Sylmar Plaza L.P. (In re Sylmar Plaza)*, 314 F.3d 1070, 1074-1075 (9th Cir. 2002). Based on the totality of circumstances, the Plan is proposed in good faith. See, FRBP 3020(b). The Debtor did provide adequate and legally sufficient evidence establishing that the Plan is proposed in good faith. On its face, the Plan proposes a plan that allows the managing member (as defined in the Plan) as the responsible party, to make distributions to creditors holding allowed claims and to determine which Rights of Action, if any to pursue. The Debtor, through the Plan, uses Bankruptcy Code tools, to minimize its liability. This Plan achieves a result consistent with the Bankruptcy Code.

4. <u>Bankruptcy Code §1129(a)(4)</u>: The Plan provides for Court approval of all costs and expenses in connection with the case or in connection with the Plan and incident to the case — the Debtor satisfies this requirement because all non-ordinary course expenses (i.e. Professional Fees) are subject to the Court review and reasonableness determination.

5. <u>Bankruptcy Code §1129(a)(5)</u>: A plan must disclose the identity of insiders that will be employed/retained by the debtor and the nature of the compensation. The Plan in this case fulfills the disclosure requirements of section 1129(a)(5) by disclosing the identity and affiliations of all individuals proposed to serve after confirmation, Tzepah Freedland as the managing member of the Reorganized Debtor.

6. <u>Bankruptcy Code §1129(a)(6)</u>: The requirements of section 1123(a)(6) are not applicable to the Plan since the Debtor is not subject to any governmental regulatory

commission.

7. <u>Bankruptcy Code §1129(a)(7)</u>: The Plan is in the best interests of creditors. This requirement is satisfied if the creditor will receive or retain under the plan on account of such claims or interest property of value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under Chapter 7 of this title. The Court finds that the Disclosure Statement adequately indicates that all creditors are at least as well off as they would be under Chapter 7 liquidation. The Court further finds that no objection was filed to the Plan on this basis, and that to the extent it was, such objection is overruled.

8. <u>Bankruptcy Code §1129(a)(8)</u>: Classes 2, 3 and 4 are impaired under the Plan and, therefore, entitled to vote on the Plan. Based on the evidence submitted in support of confirmation and record before the Court, Classes 2, 3 and 4 have accepted the Plan by the requisite amount and number specified under Bankruptcy Code § 1126(c).

9. <u>Bankruptcy Code §1129(a)(9)</u>: The Plan satisfies the requirements of section 1129(a)(9). The Debtor will pay all Administrative Claims upon allowance of the claim and pursuant to agreement. The Plan will also pay all Priority Claims, including Priority Tax Claims, as required under the Bankruptcy Code.

10. <u>Bankruptcy Code §1129(a)(10)</u>: The Plan meets the requirement of section §1129(a)(10) inasmuch as at least one impaired class voted for the Plan. After excluding the votes of insiders, Class 2 has accepted the Plan. The Plan, therefore, satisfies Bankruptcy Code §1129(a)(10).

11. <u>Bankruptcy Code §1129(a)(11)</u>: The Court finds that the Plan is feasible. The Plan is not likely to be followed by the need for further financial reorganization of the Reorganized Debtor. The Debtor provided reasonable assurance of the Plan's success; the Plan is more than a visionary scheme.

12. <u>Bankruptcy Code §1129(a)(12)</u>: The Plan provides that the Debtor will pay all statutory fees, and the Plan provides for payment on the Effective Date of statutory fees due to

the UST. The Plan thus satisfies the requirements of section 1129(a)(12).

**Bankruptcy Code §1129(b).**

E.  All impaired classes voted to accept the Plan, or failed to vote. Furthermore, no Objections to Confirmation of the Plan were received on or before the Objection Deadline or appear on the Court's official docket for this Case. Therefore, the Court finds that the Plan satisfies Bankruptcy Code § 1129(b) and is confirmed with respect to such Class.

**Discharge/Releases.**

F.  All settlements, compromises, injunctions, and releases provided for in the Plan were negotiated at arm's length and in good faith and are fair, equitable, reasonable, and in the best interests of the Debtor, the Estate, all creditors, interest holders and the Reorganized Debtor.

**Assumption and Rejection of Agreements.**

G.  Pursuant to Section VI of the Plan, to the extent there are any remaining executory contracts that were not previously accepted by the Debtor, the Debtor has elected to reject each of any such remaining executory contracts and unexpired leases, (collectively the "Rejected Agreements"). Nothing herein or in the Confirmation Order is a waiver of any defenses, claims, or counterclaims that the Debtor and/or the Reorganized Debtor may have against any party to a Rejected Agreement.

**Conditions to Confirmation**

H.  Each and every condition precedent to the confirmation of the Plan has been satisfied or waived.

**Retention of Jurisdiction**

I.  The Court reserves jurisdiction to enter appropriate orders in aid of implementation of the Plan.

J.  The Court may properly retain jurisdiction over the matters set forth in Section IX. P of the Plan.

///

///

I:\slf\20252 (315 Arden LLC)\Findings of Fact and Conclusions of Law re Confirmation (Final Ver 6-16-16).docx    8

**Conclusion**

K.  The Plan may be confirmed.  The Plan satisfies all of the requirements for confirmation.

###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

633 W. Fifth Street, 48th Floor, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 16, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Sandford L. Frey | sfrey@cmkllp.com; knielsen@cmkllp.com |
| Daniel J. Kessler | aburkhalter@bkcglaw.com; ehardeman@bkcglaw.com; rlockwood@bkcglaw.com; lsandoval@bkcglaw.com |
| Stuart I. Koenig | skoenig@cmkllp.com; knielsen@cmkllp.com |
| Ron Maroko | ron.maroko@usdoj.gov |
| Byron Z. Moldo | bmoldo@ecjlaw.com; lpekrul@ecjlaw.com |
| Tomas A. Ortiz | tortiz@garrett-tully.com |
| U.S. Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| Michael D. Vanlochem | janguiano@vandc.net |
| Marta C. Wade | mwade@cmkllp.com; knielsen@cmkllp.com |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) June 16, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 16, 2016 | Kelli Nielsen | /s/ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

## 2. SERVICE LIST

315 Arden, LLC
8950 W Olympic Blvd # 650
Beverly Hills, CA 90211

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Securities Exchange Commission
444 S Flower St, Ste 900
Los Angeles, CA 90071-2934

County of Orange
PO box 4515
Santa Ana, CA 92702-4515
Attn: Bankruptcy Unit

Equity Real Estate Services
1702 S Robertson Blvd
Los Angeles, CA 90035-4316

Investment Property Exchange
4041 MacArthur Blvd No 400
Newport Beach, CA 92660-2554

Larry Langberg & Associates
PO Box 630485
Simi Valley, CA 93063-0009

Luviland LLC
9761 Calendula Ave
Westminster, CA 92683-6915

Red Mountain Group Inc
c/o Byron Z. Moldo, Esq.
Ervin Cohen & Jessup LLP
9401 Wilshire Blvd, 9th Fl
Beverly Hills, CA 90212

Seth I Weissman Esq
Jeffer Mangels Butler Mitchell LLP
1900 Ave of the Stars 7th Fl
Los Angeles, CA 90067-4308

Michael A Chesney
2929 Edinger Ave
Tustin, CA 92780

Attn: Warren Berzack
Lee & Associates
15250 Ventura Blvd., Suite 100
Sherman Oaks, CA 91403

Employment Development Dept.
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001

L.A. County Tax Collector
Bankruptcy Unit
PO Box 54110
Los Angeles, CA 90054-0110

Capital One Card Serv
PO Box 30285
Salt Lake City, UT 84130-0285

Daniel & Judith Arnall Family Trust
8950 W Olympic Blvd # 650
Beverly Hills, CA 90211-3561

Eugene G Cowan Esq
Bocarsly Emden LLP
633 W Fifth St 64th Fl
Los Angeles, CA 90071-2011

Internal Revenue Service
300 N. Los Angeles St, Stop 5022
Los Angeles, CA 90012-3478

Law Offices of Timothy D. McGonigle
1880 Century Park East, Suite 516
Los Angeles, CA 90067

Orange County Treasurer
11 Civic Center Plz
Santa Ana, CA 92701-4063

Red Mountain Retail Group Inc
c/o Byron Z. Moldo, Esq.
Ervin Cohen & Jessup LLP
9401 Wilshire Blvd, 9th Fl
Beverly Hills, CA 90212

Tzepah Freedland
8950 W Olympic Blvd # 650
Beverly Hills, CA 90211-3561

Lombardo Safford LLP
12424 Wilshire Blvd
Los Angeles, CA 90025

ADP LLC / Manager Client Services
P.O. Box 12513
1851 N. Resler Drive
El Paso, TX 79912

Franchise Tax Board
Bankruptcy Section MS A-340
PO Box 2952
Sacramento, CA 95812-2952

Los Angeles City Clerk
PO Box 53200
Los Angeles, CA 90053-0200

Christopher Morris CPA
Sobul Prime & Schenkel
12100 Wilshire Blvd Ste 1150
Los Angeles, CA 90025-7117

David and Tzepah Freedland
8950 W Olympic Blvd #650
Beverly Hills, CA 90211-3561

Infiniti of Beverly Hills
8825 Wilshire Blvd
Beverly Hills, CA 90211-2605

Judith Arnall
8950 W Olympic Blvd # 650
Beverly Hills, CA 90211-3561

~~Luviland Corporation~~
~~319 Collard Way~~
~~Placentia, CA 92870-8217~~
*[Returned Mail – No Forwarding Address]*

Plumbquest
347 N Sycamore Ave
Los Angeles, CA 90036

Reynolds Cafferata, Esq.
Rodriguez Hori Choi & Cafferata LLP
777 S Figueroa St Ste 2150
Los Angeles, CA 90017-5875

W Linc BP LLC
Attn: Michael H. Mugel, Manager
1234 E 17th Street
Santa Ana, CA 92701-2612

SLBiggs
10960 Wilshire Blvd 7th Fl
Los Angeles, CA 90024

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**