EXHIBIT 3

|   |   |
|---|---|
| 1 | Sandford L. Frey (SBN 117058) |
|   | Stuart I. Koenig (SBN 102764) |
| 2 | **CREIM MACIAS KOENIG & FREY LLP** |
|   | 633 West Fifth Street, 48th Floor |
| 3 | Los Angeles, CA 90071 |
|   | Telephone: (213) 614-1944 |
| 4 | Facsimile:  (213) 614-1961 |
|   | sfrey@cmkllp.com |
| 5 | skoenig@cmkllp.com |
| 6 | Reorganization Attorneys for 315 Arden, LLC, |
|   | Debtor and Debtor-in-Possession |

**FILED & ENTERED**

APR 08 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

## [LOS ANGELES DIVISION]

In re

**315 ARDEN, LLC,**

Debtor and Debtor-in-Possession.

CASE NO.: 2:15-bk-26483-BR

Chapter 11

**ORDER APPROVING: (1) ADEQUACY OF THE DISCLOSURE STATEMENT DESCRIBING PLAN OF REORGANIZATION PROPOSED BY DEBTOR, 315 ARDEN LLC; (2) THE FORM, SCOPE, AND NATURE OF SOLICITATION, BALLOTING, TABULATION, AND NOTICE WITH RESPECT THERETO; AND (3) RELATED CONFIRMATION PROCEDURES, DEADLINES AND NOTICES**

<u>Disclosure Statement Hearing held on:</u>
DATE:    March 23, 2016
TIME:    10:00 a.m.
CTRM:    1668

<u>Confirmation Hearing to be held on:</u>
DATE:    June 7, 2016
TIME:    10:00 a.m.
CTRM:    1668

A hearing was held on March 23, 2016, before the Honorable Barry Russell, United States Bankruptcy Judge, in the above-captioned Courtroom to consider: (1) the adequacy of the

C:\Users\fortier\Local Settings\Temp\Order#294322#45db4d85-2d97-4e1c-b5cb-5b47b8b7e514.docx    1

*Disclosure Statement Describing Plan of Reorganization Proposed by Debtor, 315 Arden LLC*, [Docket No. 41], as modified on March 18, 2016 (together with the original Disclosure Statement, the "Disclosure Statement") [Docket No. 91], the final mailing version of which is attached to the Solicitation Package (as defined below), which Solicitation Package is being filed contemporaneously with this Order.

Sandford L. Frey and Stuart I. Koenig of Creim Macias Koenig & Frey LLP appeared on behalf of the Debtor, 315 Arden LLC ("Debtor"). Byron Z. Maldo of Ervin Cohen & Jessup LLP, appeared on behalf of Red Mountain Group, Inc., Red Mountain Retail Group, Inc. and W. Linc BP LLC. Ron Maroko of the Office of the United States Trustee appeared on behalf of the United States Trustee. No other appearances were made.

The Proposed Plan and Proposed Disclosure Statement were timely filed pursuant to the *Order Setting (1) Deadlines Concerning Chapter 11 Plan and Disclosure Statement and (2) Setting Preliminary Hearing on Adequacy of Disclosure Statement and Plan of Reorganization* [Docket No. 4]. The hearing for approval of the Proposed Disclosure Statement and Disclosure Statement Motion was originally set for January 12, 2016, and was continued by this Court to March 23, 2016. [Docket No. 56].

Thereafter, on March 18, 2016, the Debtor filed its (i) *Modifications [Clean and Redline Versions] respecting Disclosure Statement Describing Plan of Reorganization Proposed by Debtor, 315 Arden LLC* [Docket No. 91], and the (ii) *Modifications [Clean and Redline Versions] respecting Plan of Reorganization Proposed by Debtor, 315 Arden LLC*[Docket No. 92].

Filed contemporaneously with this Order is a pleading entitled "Submission of Solicitation Package" consisting of the Solicitation Package which the Debtor proposes to serve on creditors. The Solicitation Package consists of (1) a Solicitation Package Cover letter; (2) the final form of Disclosure Statement and Exhibits thereto; (3) the final form of Plan; (4) a copy of this Order; (5) Notice of the Confirmation Hearing; and, (6) the form of Ballot(s) (collectively "Solicitation Package").

At the hearing on March 23, 2016, the Court approved the Disclosure Statement, subject to modification of the interest rate to be paid on the Note to the Secured Creditor, which modification is included in the Disclosure Statement and Plan of Reorganization attached to the Solicitation Package.

This Court has reviewed and considered, among other things: the Solicitation Package, the Disclosure Statement; all exhibits to the Disclosure Statement; the Ballot(s); all applicable pleadings, exhibits, documents and other evidence submitted in respect of the Disclosure Statement; the record in this case; and, having heard the arguments and representations of counsel.

Based upon that review and consideration, the Court determines, among other things, that:

A.    Notice of the hearing for approval of the Disclosure Statement constitutes adequate and appropriate notice under the circumstances and complies with the applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure ("FRBP") and Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR"), and no other or further notice for approval of the Disclosure Statement need be given.

B.    The Court has jurisdiction to grant the relief requested herein in accordance with 28 U.S.C. §§ 157 and 1334.

C.    This is a core proceeding pursuant to 28 U.S.C. § 157(b).

D.    The Disclosure Statement contains "adequate information" within the meaning of, and as prescribed by, Bankruptcy Code § 1125(a)(1).

E.    The solicitation, balloting, tabulation and confirmation procedures, the form of notice attached to the Solicitation Package; and the deadlines and other relief requested by the Debtor in the Disclosure Statement Motion and/or set forth in this Order are fair, reasonable, and appropriate, authorized by the applicable provisions of the Bankruptcy Code, FRBP, and the LBR, and in the best interests of the Debtor's estate.

**BASED UPON THE FOREGOING AND GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY:**

**ORDERED** that the Disclosure Statement contains "adequate information" within the meaning of, and as prescribed by, Bankruptcy Code § 1125(a)(1), and that the Disclosure

Statement is **APPROVED**; it is further,

**ORDERED** that any and all objections to the Disclosure Statement, to the extent not previously withdrawn, resolved or waived, are hereby **OVERRULED**; it is further,

**ORDERED** that the Debtor is authorized to solicit votes and elections with respect to the Plan; it is further,

**ORDERED** that, in accordance with the procedures established by this Order, the Debtor is authorized to disseminate the following materials contained in the <u>Solicitation Package</u>, the form and content of which are hereby **APPROVED**:

1. Solicitation Package Cover letter;

2. The Disclosure Statement [attached to the Solicitation Package filed contemporaneously with this Order];

3. The Plan [attached to the Solicitation Package filed contemporaneously with this Order];

4. A copy of this Order approving the adequacy of the Disclosure Statement, which includes (i) the Scheduled hearing regarding confirmation of the Plan ("<u>Confirmation Hearing</u>"), and (ii) the deadline for voting, filing objections, and submitting evidence in connection therewith;

5. Notice of the Confirmation Hearing [substantially in the form of the proposed notice attached to the Solicitation Package ("<u>Confirmation Hearing Notice</u>"); and,

6. With respect to those entities that are entitled to vote on the Plan, an appropriate ballot or ballots for the applicable Class [substantially the form of the proposed Ballots attached to the Solicitation Package]; and,

it is further,

**ORDERED** that the Debtor shall serve (or cause to be served) a Solicitation Package on the following entities:

1. All known creditors, (a) that have filed a proof of claim in the Debtor's case (other than claims that have been disallowed, waived, or withdrawn by order of the Court, stipulation, or otherwise), or (b) if no such proof of claim has been filed, on whose behalf the Debtor scheduled as holding a claim in its Schedules of Assets and Liabilities ("<u>Schedules</u>") which is not listed as a contingent, unliquidated or disputed

      claim;

2. All non-debtor parties to unexpired leases and executory contracts as of the Petition Date;

3. All parties to any pending pre-petition lawsuits;

4. All parties who have requested special notice in this case (collectively "<u>Special Notice Parties</u>");

5. The US Trustee;

6. The governmental entities enumerated in FRBP 2002(j);

7. The Internal Revenue Service ("IRS") in accordance with LBR 2002-2(c) and FRBP 5003(e) and using the addresses set forth in the "Register of Federal and State Government Unit Addresses [FRBP 5003(e)] listed in the Court Manual under Appendix D; and,

8. Equity holder of the Debtor; and,

it is further,

**ORDERED** that the Debtor is authorized, in its discretion, to serve the Disclosure Statement and Plan by <u>CD</u> in lieu of paper copy, so long as it makes a paper copy available to any interested party upon request; it is further,

**ORDERED** that the Confirmation Hearing shall be held on <u>**June 7, 2016 at 10:00 a.m.** (*Pacific Time*)</u> before the United States Bankruptcy Court for the Central District of California, Los Angeles Division, the **Honorable Barry Russell**, presiding, in **Courtroom 1668, U.S. Bankruptcy Court, 255 E. Temple Street, Los Angeles, California**; it is further,

**ORDERED** that the deadline for the Debtor to mail the Solicitation Package is <u>May 9, 2016</u>; it is further,

**ORDERED** that the deadline by which the Debtor's memorandum and evidence in support of confirmation of the Plan must be filed and served is on or before **May 9, 2016**; such memorandum, evidence and/or reply shall be served only on the US Trustee, the Special Notice Parties; and the objecting parties, if any; it is further,

**ORDERED** that the deadline by which Ballots to accept or reject the Plan must be received by the Ballot Tabulator (designated in the Disclosure Statement and defined below)

shall be **May 23, 2016 at 5:00 p.m.** (*Pacific Time*) ("Balloting Deadline"). All Ballots must be returned to and actually received by the Ballot Tabulator on or before the Balloting Deadline in order to be counted; it is further,

**ORDERED** that **May 23, 2016** ("Objection Deadline") shall be the deadline by which any party objecting to Confirmation of the Plan must file and serve its objection and evidence in support thereof. Any objection must be in writing; specify the name and address of the party objecting; set forth the amount of the objecting party's claim(s) and any other grounds giving the objector standing to object; set forth grounds for the objection; and be accompanied by the objecting party's evidentiary support for its objection, including declarations made under penalty of perjury and other admissible documentary evidence. The objection and evidence in support thereof shall be served on the Debtor, counsel for the Debtor, the US Trustee, and the Special Notice Parties; it is further,

**ORDERED** that the Debtor's reply to any objections to the Plan, along with its Plan Ballot Summary shall be filed on or before **May 31, 2016**. The Plan Ballot Summary shall be served on the US Trustee, the Special Notice Parties, and any party that has filed an objection to the Plan; it is further,

**ORDERED** that, consistent with the provisions of Section II.B.4 of the Disclosure Statement, the following procedures will apply to balloting and the tabulation of ballots with respect to the Plan unless subsequently ordered by the Court otherwise:

1. The amount of a Claim or Interest for purposes of Ballot tabulation will be:

    A. For a Claim or Interest identified in the Schedules as not contingent, not unliquidated, and not disputed, and that has not been disallowed, waived, or withdrawn by order of the Bankruptcy Court, stipulation, or otherwise, prior to the Balloting Deadline (as defined in the Disclosure Statement Order), and for which no POC has been timely filed, the Claim or Interest amount, as identified in the Schedules ("Scheduled Amount");

    B. For a timely POC or POI that is filed in a specified liquidated amount and that is not the subject of an objection filed before

the Balloting Deadline, or that has not been disallowed, waived, or withdrawn by order of the Bankruptcy Court, stipulation, or otherwise prior to the Balloting Deadline, the specified liquidated amount in such POC or POI ("POC Amount");

C.  For a Claim or Interest (whether filed or scheduled) that is the subject of an objection, in whole or in part, before the Confirmation Hearing, only the undisputed amount, if any, of such Claim or Interest, unless such Claim or Interest is temporarily Allowed under FRBP 3018(a) ("Disputed/Estimated Amount");

D.  For a Claim that is offered an option under the Plan to have its Claim Allowed for voting purposes upon the timely election of certain options, and which claimant is in compliance with the procedures set forth in the Plan for such election, the stipulated amount specified in the Plan ("Stipulated Amount");

2.  If an entity submits a Ballot for a Claim or Interest (i) for which there is no timely POC or POI filed and, for which there is no corresponding Scheduled Amount, or (ii) which is the subject of an unresolved objection filed prior to the Confirmation Hearing, such Ballot will not be counted, unless ordered by the Bankruptcy Court;

3.  Creditors that have Claims in more than one voting Class under the Plan must submit a separate Ballot for voting their Claims in each such Class; any creditor that requires additional copies of a Ballot may either photocopy the original Ballot or obtain an additional Ballot pursuant to the instructions set forth in the Confirmation Hearing Notice and the proposed Ballot. **If a creditor uses the same Ballot to vote Claims in more than one class, such combined Ballot will NOT be counted unless the Court order's otherwise;**

4.  If an entity casts more than one eligible Ballot with respect to the same Claim or Interest before the Balloting Deadline, the last Ballot received prior such deadline shall supersede any prior Ballot(s) by such entity with respect to such Claim or Interest in the Class in which the Ballot is submitted; and,

5.  Any Ballot that is incomplete or that is not received by the applicable deadline shall NOT be counted.

it is further,

**ORDERED** that <u>May 27, 2016</u> (at least 10 days prior to the Confirmation Hearing) shall be the deadline by which the Debtor must file and serve any exhibits to the Plan required to be

filed on the **Exhibit Filing Date** (as defined and set forth in the Plan); it is further,

**ORDERED** that **May 27, 2016** shall be the deadline by which the Debtor must file and serve on the US Trustee, the Special Notice Parties and the non-debtor parties to its executory contracts and leases (a) a schedule of executory contracts and leases to be assumed under the Plan ("Assumed Contract Schedule"), and, (b) a schedule of executory contracts and leases to be rejected under the Plan ("Rejection Schedule"); it is further,

**ORDERED** that **June 3, 2016** shall be the deadline by which the non-debtor parties on the Assumed Contract Schedule must file and serve objections to assumption of the applicable assumed agreement and/or confirmation of the Plan; it is further,

**ORDERED** that any objection not timely filed and served may be deemed to be waived and to be consent to the Court's entry of an order confirming the Plan; and, it is further,

**ORDERED** that any evidence that is not timely filed and served may be stricken from the record and may not be considered in determining any contested matter at the Confirmation Hearing.

### # # #

Date: April 8, 2016

Barry Russell
United States Bankruptcy Judge

EXHIBIT 4

 **Deposit Account Balance Summary**

04/13/2017

Requestor information:

315 ARDEN, LLC

9018 DAVID AVE
LOS ANGELES, CA 90034-1944

| Summary of Deposit Account ||||
|---|---|---|---|
| Account Number | Account Type | Open Date | Current Balance |
| 110060891 | Chase Total Business Checking | 01/25/2017 | $20,081.53 |
| Customer Information ||||
| 315 ARDEN, LLC | | Sole Owner | |
| TZEPAH FREEDLAND | | Signer | |

**PLEASE NOTE THAT THE INFORMATION PROVIDED IN THIS LETTER WILL BE THE ONLY INFORMATION RELEASED BY JPMorgan Chase, N.A.**

This letter is written as a matter of business courtesy, without prejudice, and is intended for the confidential use of the addressee only. No consideration has been paid or received for the issuance of this letter. The sources and contents of this letter are not to be divulged and no responsibility is to attach to this bank or any of its officers, employees or agents by the issuance or contents of the letter which is provided in good faith and in reliance upon the assurances of confidentiality provided to this bank. Information and expressions of opinion of any type contained herein are obtained from the records of this bank or other sources deemed reliable, without independent investigation, but such information and expressions are subject to change without notice and no representation or warranty as to the accuracy of such information or the reliability of the sources is made or implied or vouched in any way. This letter is not to be reproduced, used in any advertisement or in any way whatsoever except as represented to this bank. This bank does not undertake to notify of any changes in the information contained in this letter. Any reliance is at the sole risk of the addressee.